Raymond P. Boucher, State Bar No. 115364
  *ray@boucher.la*
Alexander Gamez, State Bar No. 309708
  *gamez@boucher.la*
Michael Gorelik, State Bar No. 337068
  *gorelik@boucher.la*
Seena Paul, State Bar No. 340184
  *paul@boucher.la*
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:   (818) 340-5400
Fax:   (818) 340-5401

*Attorneys for Plaintiff*
*Alexis Zelaya Gonzalez*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS ZELAYA GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORECIVIC, INC.; CORRECTIONAL MEDICINE ASSOCIATES, P.C.; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. 3:24-cv-00087-JAH-BLM<br><br>**PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**Judge:**　**Hon. John A. Houston**<br>**Date:**　**April 3, 2024**<br>**Time:**　**2:30 p.m.**<br>**Crtrm.:**　**4D** |

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION AND RELEVANT FACTS ............................................. 6

II.   ARGUMENT ............................................................................................. 7

   A.   Legal Standard ................................................................................. 7

   B.   The Motion Must be Denied ............................................................ 8

      1.   Negligent Supervision ............................................................ 8

         a.   Defendants Rely on a Heightened Pleading
              Requirement ................................................................. 8

         b.   Plaintiff has Alleged Foreseeability ........................... 11

      2.   Negligent Training ................................................................ 13

      3.   Intentional Infliction of Emotional Distress ........................ 14

         a.   Plaintiff alleges Severe Emotional Distress ................. 14

         b.   Plaintiff alleges Outrageous Conduct Directed at
              Him ............................................................................... 15

         c.   Plaintiff alleges Vicarious Liability ............................. 16

         d.   Plaintiff alleges Ratification ....................................... 18

      4.   Sexual Harassment ............................................................... 19

      5.   Sexual Battery ...................................................................... 20

      6.   Punitive Damages ................................................................. 20

      7.   Does 1-50 ............................................................................. 22

   B.   Leave to Amend should be Granted ............................................... 22

III.  CONCLUSION ....................................................................................... 22

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Alcantara v. Archambeault*, 613 F. Supp. 3d 1337
(S.D. Cal. 2020)..................................................................................... 19

*Ashcroft v. Iqbal*, 556 U.S. 662,
(2009) ...................................................................................................... 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544
(2007) ........................................................................................... 8, 9, 12

*Black v. City of San Diego,* 3:21-cv-1990-RBM-JLB
(S.D. Cal. Mar. 2, 2023).......................................................................... 14

*C.R. v. Tenet Healthcare Corp*. 169 Cal.App.4th 1094
(2009) ............................................................................................... 18, 20

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336
(9th Cir. 1996) ............................................................................. 8, 12, 14

*Carr v. Wm. C. Crowell Co*., 28 Cal.2d 652
(1946) .................................................................................................... 17

*Christensen v. Sup. Ct.,* 54 Cal.3d 868, 905-06
(1991) .................................................................................................... 15

*Delgado v. Trax Bar & Grill,* 36 Cal.4th 224
(2005) ............................................................................................... 11, 12

*Doe v. City of San Diego*, 198 F. Supp. 3d 1153
(S.D. Cal. 2016)...................................................................................... 22

*Doe v. Uber Techs, Inc.* 184 F.Supp.3d 774
(N.D. Cal. 2016)..................................................................................... 17

*Enron Oil Trading Transp. Co. v. Walbrook Ins. Co., Ltd*., 132 F.3d 526
(9th Cir. 1997) ......................................................................................... 9

*Erickson v. Pardus*, 551 U.S. 89
(2007) ...................................................................................................... 9

*Foman v. Davis*, 371 U.S. 178
(1962) .................................................................................................... 22

*Hoffman v. Hartford Fin. Servs. Grp., Inc.,* Case No.: 3:18-cv-02471-H-JLB
(S.D. Cal. Dec. 4, 2018) ......................................................................... 21

*Kane v. United Servs. Auto. Ass'n,* Case No.: 17cv02581-JAH-AGS
(S.D. Cal. Sep. 25, 2018)......................................................................... 14

*Keavney v. Cnty. of San Diego*, Case No.: 3:19-cv-01947-AJB-BGS
(S.D. Cal. Jan. 11, 2021) ........................................................................ 11

Case No. 3:24-cv-00087-JAH-BLM

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Kephart v. Genuity, Inc.*, 136 Cal.App.4th 280
(2006) ........................................................................................... 18

*Kirchenberg v. Ainsworth, Pet Nutrition, Inc.*, No. 2:20-cv-00690-KJM-DMC
(E.D. Cal. Jan. 19, 2022) ............................................................. 21

*Kovalenko v. Kirkland & Ellis LLP*, 22-cv-05990-HSG
(N.D. Cal. Aug. 23, 2023) ........................................................... 14

Lisa M. v. Henry Mayo Newhall Memorial Hospital, 12 Cal.4th 291
(1995) ........................................................................................... 17

*Martin v. Naval Criminal Investigative Serv.*, No. 10CV1879WQH(MDD)
(S.D. Cal. Aug. 1, 2012) .............................................................. 15

Mary M. v. City of Los *Angeles*, 54 Cal.3d 202
(1991) ........................................................................................... 17

*Moss v. U.S. Secret Service*, 572 F.3d 962
(9th Cir.2009) .............................................................................. 22

*Oppenheimer v. Sw. Airlines Co.*, No. 13-CV-260 - IEG (BGS0)
(S.D. Cal. June 17, 2013) ............................................................ 21

*Potter v. Firestone Tire*, 6 Cal.4th 965
(1993) ........................................................................................... 15

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530
(9th Cir. 1984) ............................................................................... 7

*See Doe v. United States*, 58 F.3d 494
(9th Cir. 1995) ............................................................................. 22

*Shabazz v. Beard*, No. 1:15-cv-00881-DAD-EPG (PC)
(E.D. Cal. Feb. 27, 2018) ............................................................ 21

*Shero v. City of Grove, Okla.*, 510 F.3d 1196
(10th Cir. 2007) ................................................................ 8, 9, 10, 12

*Stanswell v. Safeway Stores, Inc.*, 44 Cal.App.2d 822
(1941) ........................................................................................... 18

*Starr v. Baca*, 652 F.3d 1202,
(9th Cir. 2011) ........................................................................... 8, 9

*Telesaurus VPC, LLC v. Power*, 623 F.3d 998
(9th Cir. 2010) ............................................................................. 22

*Thompson v. Davis*, 295 F.3d 890
(9th Cir. 2002) ................................................................... 8, 12, 14

*Tognazzini v. San Luis Coastal Unified School Dist.*, 86 Cal.App.4th 1053
(2001) ........................................................................................... 17

4                                   Case No. 3:24-cv-00087-JAH-BLM

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097
    (9th Cir. 2003) ........................................................................................ 9

*White v. Ultramar, Inc.,*  21 Cal.4th 563
    (1999) ...................................................................................................... 22

## **<u>STATUTES</u>**

8 U.S.C. § 1225 .............................................................................................. 20

Civ. Code, § 3294 ......................................................................................... 22

## **<u>RULES</u>**

Fed. R. Civ. Proc. 8 .................................................................................. 9, 12

Fed. R. Civ. Proc. 9 ....................................................................................... 9

Rule 12(b)(6) .............................................................................................. 7, 20

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**   INTRODUCTION AND RELEVANT FACTS

This action concerns the pervasive abuse of Plaintiff Alexis Zelaya Gonzalez ("Plaintiff") by Oscar Castillo ("Perpetrator") at Otay Mesa Detention Center ("Otay") in San Diego, California. *See generally* Complaint. At all relevant times, Otay was operated by Defendant CoreCivic, Inc., pursuant to a contract with United States Immigration and Customs Enforcement ("ICE"). *Id.*, ¶¶ 2, 18. Plaintiff was an asylum seeker detained at Otay. *Id.*, ¶ 1. Perpetrator was a nurse practitioner employed by CoreCivic and Defendant Correctional Medicine Associates, P.C. (together with CoreCivic, Inc., "Defendants"). *Id.*, ¶¶ 3, 24.

Under the guise of medical treatment for his penile infection and as a condition for treatment of Plaintiff's back injury, *id.*, ¶¶ 26-33, "Perpetrator would force Plaintiff's back to the door, have Plaintiff pull down his pants, and proceed to masturbate Plaintiff" while asking about his sex life." *Id.*, ¶ 31. "Perpetrator would [also] insert needles into Plaintiff's penis to draw out fluid." *Id.*, ¶ 32. "The sexual assaults occurred multiple times per week for one (1) year." *Id.*, ¶ 35.

The abuse was open, obvious, and preventable. Plaintiff was not Perpetrator's first victim. *Id.*, ¶ 36. "Perpetrator took an interest in examining detainees with health issues related to their penises" as a guise to "sexually assault [the] other detainees." *Id.*, ¶¶ 36, 76. Every examination of these detainees, including Plaintiff, followed the same chain of events and "involved summoning [them], chaperoning [them], and/or constantly tracking [their] whereabouts" multiple times a week. *Id.*, ¶¶ 33-34. In other words, onsite transportation of detainees for medical attention was done at Perpetrator's direction and facilitated by Defendants' employees. *Id.* These employees, by virtue of these responsibilities, were aware of these appointments. *Id.* Plaintiff would occasionally refuse to go to Perpetrator's office when summoned. *Id.*, ¶ 33. His refusal was necessarily communicated to Defendants' employees facilitating his transportation. *Id.*, ¶¶ 33-34.

Defendants' employees provided Perpetrator with unfettered access to Plaintiff because of their failure to comply with ICE's Performance-Based National Detention Standards ("PBNDS"). *Id.*, ¶¶ 40-43. Defendants are required to comply with the PBNDS as a condition of their contract with ICE. *Id.*, ¶ 44. Among other requirements, Defendants' employees—including those charged with "chaperoning" and "constantly tracking" Plaintiff, *id.*, ¶¶ 33-34—were to be trained on sexual abuse identification and prevention. *Id.*, ¶¶ 46, 48, 65. The training is intended to ensure that Defendants' employees are "alert to potential risks or signs of sexual abuse or assault[] and take appropriate action to mitigate any identified risks or protect a detainee as necessary," including "making reports and intervention referrals as appropriate." *Id*, ¶¶ 50, 52. The same instruction was to be provided to Plaintiff, ostensibly for the same purpose. *Id.*, ¶ 65.

Defendants failed to provide such training, resulting in the employees not recognizing or intervening in response to "signs of sexual abuse, such as Perpetrator summoning Plaintiff to the medical area multiple times a week for one (1) year and Plaintiff's hesitation or refusal to go." *Id.*, ¶¶ 47, 49, 51, 53. "Plaintiff was [also] not able to protect himself." *Id.*, ¶¶ 66, 78.

These allegations apprise Defendants of the basis of their liability and are incorporated or included in Plaintiff's causes of action. *See* Complaint. Defendants nonetheless seek to dismiss causes of action two through five. The Motion should be denied for the reasons outlined below.

**II.**   ARGUMENT

**A.**   Legal Standard

Dismissal is unwarranted under Rule 12(b)(6) if the complaint presents a cognizable legal theory and pleads the essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). A plaintiff ***need not*** give "detailed factual allegations;" he or she is required only to plead enough factual information to give the opposing party "fair notice and to enable [it] to defend itself

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

effectively." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Put another way, it must appear from the complaint that "that discovery will reveal evidence to support the plaintiff['] s allegations*." Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). If that is the case, the motion to dismiss must be denied because there is a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

**B.**    The Motion Must be Denied

    **1.**    <u>Negligent Supervision</u>

        *a.*    ***Defendants Rely on a Heightened Pleading Requirement***

Defendants move to dismiss Plaintiff's negligent supervision allegations based on Plaintiff's purported failure to plead foreseeability and Defendants' corresponding duty. The argument is based on a misstatement of the degree of specificity required by the federal rules. First, Defendants argue that, to survive dismissal, Plaintiff must "specifically" allege "when or how [Perpetrator] allegedly sexually abused other detainees or took an interest in examining detainees with health issues related to their penises." Motion, p. 7. Second, Defendants argue that Plaintiff must "specifically identify[]" the employees who chaperoned and tracked the whereabouts of Plaintiff when he was summoned to Perpetrator's office. *Id*., pp. 8-9.

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Neither argument is in accord with the controlling pleading standard. Defendants effectively attempt to impose the heightened pleading requirement for fraud causes of action in Rule 9 by arguing that Plaintiff must allege the "who, what, where, when, and how" of not only his abuse, but the abuse of other detainees. Fed. R. Civ. Proc. 9(b); *see Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir. 2003) ("Averments of fraud must be accompanied by `the who, what, when, where, and how' of the misconduct charged"). Plaintiff has not pled a fraud claim; his second cause of action sounds in negligence. Defendants do not argue otherwise yet seek to conflate Rule 9 with Rule 8, which sets forth the applicable pleading standard.

The operative inquiry pursuant to that standard is whether the Complaint provides Defendants with "fair notice" and enough information "to enable [them] to defend [themselves] effectively." *Twombly*, 550 U.S. at 545; *Shero*, 510 F.3d at 1200; *see* Fed. R. Civ. Proc. 8(a)(2) (pleading must contain "short and plain statement of the claim showing that the pleader is entitled to relief"). Here, Defendants' "fair notice" of the basis of the foreseeability of Perpetrator's conduct ***does not*** depend on allegations on "***when or how*** [Perpetrator] allegedly sexually abused other detainees or took an interest in examining detainees with health issues related to their penises" or the ***identities*** of the employees who chaperoned and tracked the whereabouts of Plaintiff when he was summoned to Perpetrator's office. Motion, pp. 7-8 (emphasis added); *Starr,* 652 F.3d at 1216.

These are instead evidentiary facts that are not essential at this juncture. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 555); *see also Enron Oil Trading Transp. Co. v. Walbrook Ins. Co., Ltd*., 132 F.3d 526, 529 (9th Cir. 1997) (under Rule 8(a) a plaintiff is not required to allege in its complaint the evidentiary facts in support of its theory of recovery). With or

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

without these allegations, Defendant has enough information to respond to the Complaint, undertake its own investigation, conduct discovery, and, ultimately, prepare for trial—particularly in light of the fact that this information is squarely within their possession, custody, and control. "When and how" the abuse of other detainees occurred, Perpetrator took an interest in examining detainees with health issues related to their penises, and the identities of Defendants' employees are matters of discovery and not of pleading. *Shero*, 510 F.3d at 1200 (motion must be denied if discovery could support plaintiff's allegations).

Defendants do not cite ***any authority*** suggesting otherwise. Nor does any such authority exist. Defendants only cite two district court decisions granting dismissal. Defendants first cite *Duronslet v. Cnty. Of Los Angeles* for the proposition that dismissal is warranted unless Plaintiffs allege that "Defendants knew or should have known about" Perpetrator's sexual abuse of other detainees "or about [Perpetrator's] alleged propensity to engage in sexual misconduct because of them." Motion, p. 7. However, it does not follow that Plaintiff must allege "***when or how*** [Perpetrator] allegedly sexually abused other detainees or took an interest in examining detainees with health issues related to their penises," rather than "when or how" Defendants knew or should have known of Perpetrator's propensities. To that end, Plaintiff alleges that every examination of the other detainees subject to Perpetrator's abuse exhibited the same pattern as Plaintiff's and, accordingly, presented the same red flags that should have rendered the abuse open, obvious, and preventable but for Defendants' employees lack of appropriate training on the PBNDS. Complaint, ¶¶ 33-34, 36, 76.

Defendants also cite *Keavney v. Cnty of San Diego* in support of its argument that Plaintiff must identify Defendants' employees.[1] *See* Motion, p. 9. However, that

---

[1] Defendants cite this case in the proceeding section on Plaintiff's negligent training allegations in a substantively identical argument. Plaintiff addresses the entirety of

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

case does not stand for that proposition because, there, the court "specifically advised" that ***plaintiff could name defendant's employees as John and Jane Does*** and instead focused on whether the plaintiff had alleged the "role" of these employees in "exposing him to any objectively high degree of risk." *Keavney v. Cnty. of San Diego*, Case No.: 3:19-cv-01947-AJB-BGS, at *4-6 (S.D. Cal. Jan. 11, 2021). Here, unlike there, Plaintiff has alleged the roles Defendants' employees in exposing him to Perpetrator's abuse: through their negligent chaperoning and tracking of Plaintiff despite their responsibility to do so and numerous indications suggesting Plaintiff was a victim of abuse. Complaint, ¶¶ 33-34, 36, 76. The Motion should be denied on this basis.

### b.   *Plaintiff has Alleged Foreseeability*

Plaintiff has provided Defendants with "fair notice" as to why Perpetrator's conduct was foreseeable and Defendants had a duty to protect him. *Starr,* 652 F.3d at 1216. The existence of a duty to protect against third-party conduct is determined by balancing the degree of foreseeability against the burden of the plaintiff's proposed security measures. *Delgado v. Trax Bar & Grill,* 36 Cal.4th 224, 243 (2005). The greater the burden imposed by the proposed security measures, the greater the degree of foreseeability required. *Id*. (discussing "sliding-scale balancing formula" for determining the degree of foreseeability).

Here, Plaintiff is not attempting to impose onerous security measures on Defendants to meet their standard of care such as, for example, hiring additional personnel. *See id*. (hiring additional security guards rarely required absent heightened foreseeability). He is simply seeking to impose on Defendants the minimal burden of compliance with their existing obligations under the PBNDS. *See* Complaint, ¶ 78 (alleging Defendants breached standard of care by failing to fulfill PBNDS); *see id*., ¶ 73 (incorporating PBNDS violations into negligence cause of

the argument here for ease of reading.

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

action).

A lesser degree of foreseeability is therefore required to provide Defendants with "fair notice" of their duty to protect Plaintiff from Perpetrator. *Delgado*, 36 Cal.4th at 243; *see Twombly*, 550 U.S. at 545; *Shero*, 510 F.3d at 1200; Fed. R. Civ. Proc. 8(a)(2). Plaintiff alleges that Defendants' employees knew or should have known about the abuse because they were charged with chaperoning Plaintiff and tracking his whereabouts whenever he was summoned by Perpetrator. Complaint, ¶¶ 33-34. While doing so, they failed to be "alert to potential risks or signs of sexual abuse or assault[]" that should have been part of their training. *Id.*, ¶¶ 46, 48. Defendants failed to provide such training, resulting in the employees failing to recognize, be alert to, or intervene in response to "signs of sexual abuse, such as Perpetrator summoning Plaintiff to the medical area multiple times a week for one (1) year and Plaintiff's hesitation or refusal to go." *Id.*, ¶¶ 47, 49, 51, 53. Plaintiff was also not the first individual subjected to said conduct. "Perpetrator took an interest in examining detainees with health issues related to their penises" as a guise to "sexually assault [the] other detainees." *Id.*, ¶¶ 36, 76. Examinations of such detainees exhibited the same pattern as Plaintiff's abuse and, accordingly, their abuse was just as open, obvious, and preventable by Defendants' employees. Complaint, ¶¶ 33-34, 36, 76; *see Delgado,* 36 Cal.4th at 243-44 (prior incidents one means establish foreseeability).

Taken together, assumed true, and with all inferences construed in a light most favorable to Plaintiff, these allegations provide Defendants with "fair notice" of the basis of the foreseeability of Perpetrator's conduct and their corresponding duty to protect Plaintiff. *Thompson,* 295 F.3d at 895; *Cahill,* 80 F.3d at 337-38. To hold otherwise would impose a heightened pleading requirement on Plaintiff while his investigation is ongoing and he does not yet have the benefit of completed discovery. Doing so would be inconsistent with the necessity to liberally construe the Complaint in accordance with Rule 8. The Motion should be denied on this

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

basis.

### 2.  <u>Negligent Training</u>

Defendants' arguments in favor of dismissing Plaintiff's negligent training allegations largely mirror the arguments in favor of dismissing Plaintiff's negligent supervision allegations. *See* Motion, p. 9 (arguing that negligent training allegations "devoid" of identification of specific employees). Plaintiff refers the Court to the preceding section for his arguments in opposition.

Defendants add that Plaintiff "fails to include allegations specifying how or why any other employee was allegedly negligent because of his or her training." Motion, p. 9. These allegations are found in the Complaint. Plaintiff specifically alleges the training that Defendants' employees should have received: Defendants' employees—including those charged with "chaperoning" and "constantly tracking" Plaintiff, Complaint, ¶¶ 33-34—were to be regularly trained on "definitions and examples of prohibited and illegal sexual behavior"; "recognition of situations where sexual abuse and/or assault may occur"; and "recognition of the physical, behavioral and emotional signs of sexual abuse and/or assault and ways to prevent and respond to such occurrences." *Id.*, ¶¶ 46, 48.

Plaintiff further alleges that this training is part of Defendants' standard of care because it is included in the PBNDS: "Defendants are legally required to exercise a duty of ordinary care and skill in compliance with and adherence to the detention standards of care and confinement agreed upon in the Facility's contract for operations . . . . ICE's PNBDS are the applicable detention standards for care and confinement that Defendants agreed to abide by in their contract to operate Otay . . . . Defendants are legally required to exercise a duty of ordinary care and skill in their compliance with and adherence to ICE's PBNDS." *Id.*, ¶¶ 44, 58-60, 73 (incorporating these allegations into Plaintiff's negligence cause of action). Violation of the terms of the PBNDS is therefore necessarily a violation of the standard of care. *Id.*

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

He further alleges that such training would have prevented the abuse: "As a result of [the] violation[s] of the PBNDS, Defendants' employees did not recognize or were not alert to the signs of sexual abuse, such as Perpetrator summoning Plaintiff to the medical area multiple times a week for one (1) year and Plaintiff's hesitation or refusal to go, did not protect Plaintiff, and thereby enabled Perpetrator's sexual assaults of Plaintiff." *Id.*, ¶¶ 61-70, 73.

Taken together, assumed true, and with all inferences construed in a light most favorable to Plaintiff, these allegations provide Defendants with "fair notice" as to how and why its training was negligent and caused Plaintiff's injuries. *Thompson,* 295 F.3d at 895; *Cahill,* 80 F.3d at 337-38. The Motion should be denied on this basis.

### 3.   Intentional Infliction of Emotional Distress

#### a.   *Plaintiff alleges Severe Emotional Distress*

Defendants are incorrect that "Plaintiff's Complaint simply recites the elements of IIED." Motion, p. 10. Plaintiff instead alleges that, as a result of Defendants' conduct, he "suffered severe emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it." Complaint, ¶ 85. Courts have found similar allegations sufficient to survive dismissal. *See Kovalenko v. Kirkland & Ellis LLP,* 22-cv-05990-HSG, at *23 (N.D. Cal. Aug. 23, 2023) ("[M]ental anguish, humiliation, stress, fear, and depression, with physical manifestations including nausea, pain, vomiting and migraines" sufficient); *Black v. City of San Diego,* 3:21-cv-1990-RBM-JLB, at *5, 16 (S.D. Cal. Mar. 2, 2023) ("[F]inancial harm physical trauma, pain and suffering, humiliation, harm to reputation and severe emotional distress" sufficient); *Kane v. United Servs. Auto. Ass'n,* Case No.: 17cv02581-JAH-AGS, at *5 (S.D. Cal. Sep. 25, 2018) ("[D]epression, anxiety, sleeplessness, irritability, financial stress, nervousness, humiliations and grief, beyond what a

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

reasonable person would be able to cope with" sufficient); *Martin v. Naval Criminal Investigative Serv.*, No. 10CV1879WQH(MDD) (S.D. Cal. Aug. 1, 2012) (allegations plaintiff was "embarrassed and humiliated," "helpless," "fearful," "very frustrated," and "intimidated" sufficient). Plaintiff has therefore pled emotional distress for his IIED claim. The Motion should be denied on this basis.

    *b.* ***Plaintiff alleges Outrageous Conduct Directed at Him***

    Defendants are also incorrect that their alleged failure to train their staff and Plaintiff regarding sexual abuse does not constitute "conduct that was directed at Plaintiff with the intention of causing, or with reckless disregard of the probability of causing, emotional distress upon him." Motion, p. 11. First, contrary to Defendants' assertion, to recover pursuant to IIED a defendant need not be personally acquainted with the particular plaintiff injured by his or her conduct and need only be aware of the presence of a plaintiff and act with reckless disregard for their interests. *Christensen v. Sup. Ct.,* 54 Cal.3d 868, 905-06 (1991); *Potter v. Firestone Tire*, 6 Cal.4th 965, 1001–002 (1993). In *Potter*, for example, the court held it was immaterial whether the defendant manufacturer knew the particular identities of any individual whose groundwater would be contaminated by its hazardous waste. *Potter*, 6 Cal.4th at 1002. Instead, it was sufficient that the manufacturer was "aware of" a particular group of plaintiffs and knew of "[plaintiffs'] consumption and use of the [contaminated] water." *Id*. Thus, plaintiffs could recover under their IIED claim despite not alleging that defendant knew the identities of the individuals affected. *Id.*

    Here, as there, it is immaterial whether Defendants knew of Plaintiff's exact identity when they failed to provide their employees with appropriate training on sexual abuse identification and prevention. *Id*. The Complaint otherwise contains allegations raising the inference of Defendants' awareness of Plaintiff's detainment. *Christensen*, 54 Cal.3d 868, 905-06; *Potter*, 6 Cal.4th at 1001–1002. Specifically, at

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

all relevant times, Otay was operated by Defendants pursuant to a contract with ICE. Complaint, ¶¶ 2, 18. Plaintiff was an asylum seeker detained at Otay and was under Defendants' supervision. *Id.*, ¶ 1. Defendants are required to protect detainees like Plaintiff from sexual abuse as part of the PBNDS. *Id.*, ¶¶ 44, 46, 48, 50, 52.

Under the circumstances, it was therefore obvious to Defendants that Plaintiff, as a detainee at Otay, would suffer from its failure to provide adequate training designed specifically to protect detainees like him. *Potter*, 6 Cal.4th at 1001–02. Despite this knowledge, Defendants exposed Plaintiff to "repeated sexual assaults by their employee over the course of one (1) year" by failing to train its employees to identify readily apparent signs of potential abuse. Complaint, ¶ 82. Worse, the exposure to Perpetrator was motivated by Defendants' desire to save money and the shortcuts that ensued were at Plaintiff's expense: "Defendants egregiously refused to take any action because for-profit prison companies generate billions of dollars in profit by cutting costs wherever possible and forcing the people in their care to suffer." *Id*, ¶ 89. Defendants' conduct thus showed "conscious disregard" of Plaintiff's wellbeing. *Id.*, ¶ 90.

Taken together, assumed true, and with all inferences construed in a light most favorable to Plaintiff, these allegations are sufficient to support Plaintiffs' IIED claim because they establish that Defendants' act of saving money at the expense of Plaintiff's health and safety, with undeniable knowledge of his presence in their facility, constitutes outrageous conduct and a reckless disregard for Plaintiff. *Doe.*, 730 F.3d at 960. The Motion should be denied on this basis.

### c.   *Plaintiff alleges Vicarious Liability*

Defendants misstate the applicable law to suggest that vicarious liability hinges on (1) their awareness "that the sexual abuse was occurring or that [the perpetrator] was otherwise committing an intentional tort," (2) whether Perpetrator's conduct was "routine," and (3) the identification of specific employees. Motion, p. 13. That is not the controlling standard.

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

"[A]n employer is vicariously liable for the torts of its employees committed within the scope of the employment." *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 296 (1995). This includes willful, malicious, and criminal torts. *Id*. at 296-97; *Carr v. Wm. C. Crowell Co*., 28 Cal.2d 652, 654 (1946). Even conduct that disregards the employer's express orders or does not benefit the employer may still be considered within the scope of employment. *Mary M. v. City of Los Angeles,* 54 Cal.3d 202, 209 (1991).

California courts "have used varied language" to describe the link necessary between the tort and the employment. *Lisa M.*, 12 Cal.4th at 298. For instance, "the incident leading to injury must be an 'outgrowth' of the employment [citation]; the risk of tortious injury must be ' "inherent in the working environment" ' [citation] or ' "typical of or broadly incidental to the enterprise [the employer] has undertaken" ' [citation]. *Id*.; *Tognazzini v. San Luis Coastal Unified School Dist*., 86 Cal.App.4th 1053, 1058 (2001). It is therefore apparent that whether the conduct at issue occurs within the scope of employment will depend on the totality of circumstances surrounding the conduct, *Lisa M.*, 12 Cal.4th at 297, rather than simply Defendants' awareness of the conduct, whether Perpetrator's abuse was "routine," or the identification of specific employees, as Defendants suggest. Motion, p. 13.

A motion to dismiss is an ill-suited vehicle for this determination. *See Mary M.,* 54 Cal.3d at 213 ("Ordinarily, the determination whether an employee has acted within the scope of employment presents **a *question of fact*,**" and only "becomes a question of law . . . when 'the facts are undisputed and no conflicting inferences are possible.'" (emphasis added); *see also Doe v. Uber Techs, Inc.* 184 F.Supp.3d 774, 784 (N.D. Cal. 2016) (citing *Mary M*. and holding that scope of employment is question of fact unfit for resolution at pleading stage). Whether conduct occurs in the scope of employment is a fact-intensive inquiry that necessarily must draw from a developed evidentiary record. *See Lisa M.*, 12 Cal.4th at 300 (sexual misconduct in the workplace not unforeseeable as a matter of law); *Stanswell v. Safeway Stores,*

17

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Inc.*, 44 Cal.App.2d 822, 825-26 (1941) (assault occurring in course of duties may be within scope of employment).

That is why no court in this state has held that sexual misconduct is per se beyond the course and scope of employment. Instead, vicarious liability has been found in a variety of analogous contexts where assault has been deemed incidental to the operation of the employer's business, including, but not limited to, the rape of a detained woman by a police officer, an employee throwing a hammer at a colleague, and an asylum officer who molested female immigrants as a condition of exercising his discretion in favor of asylum. *See Xue Lu v. Powell*, 621 F.3d 944, 947-49 (9th Cir. 2010) (collecting cases).

Discovery is therefore required before this Court can weigh the above factors to draw inferences concerning, for example, the authority and autonomy vested in Perpetrator and other staff by Defendants by virtue of their employment, or whether the purpose and intent behind their actions could be fairly attributable to work-related events or conditions. *Kephart v. Genuity, Inc*., 136 Cal.App.4th 280, 290–291 (2006). The Motion should be denied on this basis.

### d.    *Plaintiff alleges Ratification*

One recognized form of ratification through which a principal may voluntarily elect to adopt the employee's conduct is "[t]he ***failure to discharge*** an employee who has committed misconduct . . . . [R]atification is generally applied where an employer ***fails to investigate or respond to charges that an employee committed an intentional tort***, such as assault or battery. Whether an employer has ratified an employee's conduct is generally a factual question." *C.R. v. Tenet Healthcare Corp*. 169 Cal.App.4th 1094, 1110-11 (2009) (citations omitted).

Plaintiff alleges that Defendants ratified Perpetrator's misconduct by failing to "properly investigate Perpetrator's conduct" and "hid[ing] Perpetrator's abuse." Complaint, ¶ 89. Specifically, "Defendants knew or should have known of Perpetrator's sexual misconduct toward Plaintiff, which was open and obvious given

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Perpetrator's initiation of contact with Plaintiff after Plaintiff's penile implant had
been noted in his medical record, summoning of Plaintiff, and appointments with
Plaintiff multiple times per week for one (1) year for which there was no medical
necessity." *Id*. Plaintiff also alleges why Defendants failed to investigate despite
their actual or constructive knowledge: "Defendants egregiously refused to take any
action because for-profit prison companies generate billions of dollars in profit by
cutting costs wherever possible and forcing the people in their care to suffer." *Id*.
Defendants "[m]anaging agents and supervisors . . . thereby permitt[ed] Perpetrator
to abuse and harm Plaintiff," *id*., thus ratifying the misconduct. *C.R.,* 169
Cal.App.4th at 1110-11 (failure to investigate one form of ratification).

These allegations make clear that Defendants failed to investigate or respond
once having the actual or constructive knowledge that there were signs of abuse. *Id*.
By doing so, Defendants voluntarily elected to adopt Perpetrator's conduct as their
own. *Id.* That is tantamount to ratification. *See C.R.,* 169 Cal.App.4th at 1110-11.
The Motion should be denied on this basis.

### 4. <u>Sexual Harassment</u>

The crux of Defendants' argument for dismissal of Plaintiff's sexual
harassment claim is (1) that "the Complaint is devoid of allegations establishing that
Plaintiff had a business, service, or professional relationship with Defendants" and
(2) that Defendants did not engage in the sexual misconduct at issue. Motion, p. 17.

As to the former argument, Plaintiff does allege that "a professional
relationship existed between Defendants and Plaintiff for the provision of medical
care." Complaint, ¶ 94. Moreover, Plaintiff alleges that he is an immigration
detainee who voluntarily sought asylum in the United States and was detained at
Otay. *Id*., ¶ 1. Otay is an immigration detention center legally classified as civil,
rather than criminal. *See Alcantara v. Archambeault*, 613 F. Supp. 3d 1337, 1342
(S.D. Cal. 2020). The facility is therefore not intended to be punitive and,
accordingly, the relationship between Otay and detainees is not borne from

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

involuntary incarceration but rather from an asylum seeker seeking house, board, and medical services, pending resolution of a credible fear of persecution. 8 U.S.C. § 1225(b)(1)(B)(iii). Defendants, by virtue of operating Otay, offer these services to detainees. Complaint, ¶¶ 7-8, 18, 24. These services therefore arise out of the kind of professional relationship contemplated by Civil Code section 51.9.

As to the latter argument, principles of vicarious liability and ratification apply to sexual harassment claims brought under section 51.9 such that Defendants are liable for Plaintiff's conduct and Plaintiff's resulting emotional distress. *C.R.,* 169 Cal.App.4th at 1110-11. For the reasons discussed above, Plaintiff has sufficiently alleged that Defendant is liable for Perpetrator's misconduct pursuant to these theories. The Motion should be denied on this basis.

### 5.   Sexual Battery

Defendants' arguments for dismissal of Plaintiff's sexual battery claim mirror those throughout the Motion—namely, that "sexual battery is not within the course and scope of employment" and "Plaintiff's Complaint is devoid of allegations demonstrating that Defendants ratified the alleged conduct of [Perpetrator]." Motion, p. 19. Plaintiff has addressed these arguments in the preceding sections. For the reasons discussed there, Plaintiff has sufficiently alleged both vicarious liability and ratification. The Motion should be denied on this basis.

### 6.   Punitive Damages

Defendants seek the piecemeal removal of requests for punitive damages in causes of action three, four, and five because "there are no allegations that Defendants' officers, directors, or managing agents knew, consciously disregarded, authorized, and/or ratified any conduct alleged on behalf of [Perpetrator]." Motion, p. 20.

As an initial matter, "[P]unitive damages are but a ***remedy*** . . . [they] provide no basis for dismissal under Fed.R.Civ.P. 12(b)(6)" for failure to state a ***claim***. *Oppenheimer v. Sw. Airlines Co.,* No. 13-CV-260 - IEG (BGS0), at *4 (S.D. Cal.

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

June 17, 2013); *see Hoffman v. Hartford Fin. Servs. Grp., Inc.,* Case No.: 3:18-cv-02471-H-JLB, at *6 (S.D. Cal. Dec. 4, 2018). A motion to dismiss is therefore not "the appropriate vehicle to challenge the sufficiency of a prayer for punitive damages." *Shabazz v. Beard*, No. 1:15-cv-00881-DAD-EPG (PC), at *16 (E.D. Cal. Feb. 27, 2018); *see Kirchenberg v. Ainsworth, Pet Nutrition, Inc*., No. 2:20-cv-00690-KJM-DMC, at *6 (E.D. Cal. Jan. 19, 2022) (denying motion to dismiss punitive damages allegations because motion as not appropriate vehicle"). The Motion should be denied on this basis.

Nonetheless, contrary to Defendants' assertions, Plaintiff alleges facts that when read as a whole, in the appropriate context, and with their truth assumed, indicate that Defendants' officers, directors, and managing agents ratified, authorized, and participated in the conduct that led to Plaintiff's abuse. Civ. Code, § 3294, subd. (b). Plaintiff explicitly references the duties imposed by the PBNDS on Defendants which are necessarily carried out by their managing agents. Complaint, ¶¶ 44-54. Defendants ratified and authorized Plaintiff's abuse by violating the provisions of the PBNDS and failing to take reasonable action to protect Plaintiff from harm. *Id*. The violations occurred as a result of Defendants' cost-cutting measures. *Id*., ¶¶ 38-39, 89, 97, 108. These violations of the relevant portions of the PBNDS created the risk and danger that the standards sought to eliminate for detainees like Plaintiff and unreasonably exposed Plaintiff to a year of abuse. *Id*., ¶¶ 55-72. These allegations are included or incorporated in the causes of action at issue.

The import of these paragraphs is that, ultimately, Plaintiff's abuse was caused by Defendants' decision ***as a matter of policy or practice*** to staff Otay with personnel that lacked the training necessary to identify and intervene in instances of sexual abuse, despite their obligation to do so under the PBNDS. This decision is necessarily attributable to an "officer, director, [] managing agent," or individual "who exercise[s] substantial independent authority and judgment over decisions that

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

ultimately determine corporate policy." Civ. Code, § 3294, subd (b); *see White v. Ultramar, Inc.*,  21 Cal.4th 563, 567 (1999) [expanding definition of "managing agent" to include any employee with sufficient discretion].) The Motion should be denied on this basis.

### 7. <u>Does 1-50</u>

Plaintiff requests leave to amend to the Complaint to provide additional information regarding the culpability of each Doe defendant.

### B.   Leave to Amend should be Granted

If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Leave to amend is granted with "extreme liberality" in the absence of valid reasons to the contrary, "such as undue delay, bad faith," a "dilatory motive on the part of the movant," a "repeated failure to cure deficiencies," or "undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir.2009)*; Doe v. City of San Diego*, 198 F. Supp. 3d 1153, 1165 (S.D. Cal. 2016); *see Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1006 (9th Cir. 2010) (explaining that a court should grant leave unless the amendment would be futile).

If the Court finds fault in the Complaint on any of the matters raised by Defendants, then Plaintiff requests that the Court afford him an opportunity to amend the Complaint.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the Motion, with the exception of providing Plaintiff leave to provide additional information regarding the culpability of each Doe defendant.

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DATED:  March 21, 2024          BOUCHER LLP


By:  _____
RAYMOND P. BOUCHER
ALEXANDER GAMEZ
MICHAEL GORELIK
SEENA PAUL

*Attorneys for Plaintiff*
*Alexis Zelaya Gonzalez*

Case No. 3:24-cv-00087-JAH-BLM

PLAINTIFF ALEXIS ZELAYA GONZALEZ'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT