UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS ZELAYA GONZALEZ,<br><br>          Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., et. al.,<br><br>          Defendant. | Case No.: 24cv00087 JAH-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [ECF No. 5]** |

  Pending before the Court is Defendants CoreCivic, Inc. and Correctional Medicine Associates, P.C.'s ("CMA") (collectively, "Defendants") Motion to Dismiss. ECF No. 5. Plaintiff, Alexis Zelaya Gonzalez, filed an opposition to the motion and Defendants filed a reply. ECF Nos. 10, 11. After a careful review of the parties' submissions and for the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion.

## BACKGROUND

  On January 11, 2024, Plaintiff, through counsel, filed a complaint asserting claims for violation of California Government Code section 7320, negligence, intentional infliction of emotional distress, sexual harassment, sexual battery and gender violence. ECF No. 1. Plaintiff alleges, while he was detained at the Otay Mesa Detention Center

("OMDC") between 2020 and 2022 following his entry into the United States to seek asylum, he was subjected to multiple sexual assaults by Oscar Castillo, a nurse practitioner employed by Defendants. Complaint ¶¶ 1, 2, 6, 24, 28-31, 35 (ECF No. 1). Specifically, Plaintiff alleges his penis became infected when he received penile implants during his detention and he met with a doctor who proscribed antibiotics. *Id*. ¶¶ 21-23. He asserts Castillo presented his sexual assaults to Plaintiff as medical treatment for his penile implants or as a condition for providing further medical care for a back injury Plaintiff sustained prior to his detention. *Id*. ¶ 19, 29. Plaintiff specifically alleges Castillo would force Plaintiff's back to the door, have Plaintiff pull down his pants and would masturbate Plaintiff and touch and rub Plaintiff's penile implants while asking about Plaintiff's sex life and would insert needles into Plaintiff's penis to draw out fluid. *Id*. ¶ 31, 32. He maintains medical examinations in the detention center required that someone summon, chaperone and/or track detainees. *Id*. ¶ 34. He further alleges he would sometimes refuse to go when summoned by Castillo. *Id*. ¶ 33. Plaintiff alleges he was assaulted multiple times per week for one (1) year until August 12, 2022, and Castillo assaulted other detainees. *Id*. ¶¶ 35, 36.

Additionally, Plaintiff asserts relevant standards of care for Defendants, codified in "Performance-Based National Detention Standards" ("PBNDS"), set minimum policies, procedures, and training for a sexual abuse and assault prevention and intervention program. *Id*. ¶¶ 45, 46, 48, 50. Plaintiff further alleges Defendants failed to provide training to their staff pertaining to sexual abuse and assault prevention and intervention and, as a result, Defendants' employees did not recognize or were not alert to the signs of sexual abuse and, thereby, enabled the assaults of Plaintiff. *Id*. ¶¶ 47, 49, 51, 53. He also alleges Defendants' employees summoned, chaperoned, and/or tracked his delivery to the examination room permitting Castillo to assault Plaintiff and with the knowledge he would do so. *Id*. ¶¶ 76, 77. Plaintiff alleges Defendants should have known about Castillo's propensities because he took an interest in examining detainees with health issues related to their penises, every medical examination of a detainee required summoning,

chaperoning and tracking the detainee's whereabouts and it was only after seeking treatment related to his penile implants that Castillo initiated contact with Plaintiff. *Id*. ¶ 76. Plaintiff alleges Defendants' failure to train staff on sexual abuse and assault awareness, reporting, prevention, and intervention, failure to provide instruction to Plaintiff regarding staff-on-detainee abuse and self-protection, failure to monitor dispensed and administered medications, failure to monitor examinations and treatments and failure to be alert to foreseeable, potential risks and signs of assaults were all a breaches of their duty of care. *Id*. ¶ 78.

He alleges he suffered physical pain, emotional distress, psychological trauma and mental deterioration as a result. *Id*. ¶ 37. He seeks compensatory damages, punitive damages and attorney's fees and costs and names CoreCivic, CMA and Does 1 through 50 as defendants.

## LEGAL STANDARD

Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," Plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested and matters of which the Court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendants seek to dismiss Plaintiff's claims for negligent supervision and negligent training, intentional infliction of emotional distress, sexual harassment and sexual battery. They further move to dismiss Plaintiff's claim for punitive damages and Does 1 through 50.

### I. Negligent Supervision

Defendants argue Plaintiff fails to sufficiently allege a cause of action for negligent supervision. An employer may be held liable for negligently hiring or supervising an unfit

employee under California law. *Doe v. Capital Cities*, 50 Cal.App.4th 1038, 1054 (1996); *Alexander v. Cmty. Hosp. of Long Beach*, 46 Cal.App.5th 238, 253 (2020). Negligent supervision is direct liability based upon the supervising employer's own negligent or reckless conduct. *Delfino v. Agilent Technologies, Inc.*, 145 Cal.App.4th 790, 815 (2006). "An employer can be held liable for negligent supervision if it knows or has reason to believe the employee is unfit or fails to use reasonable care to discover the employee's unfitness." *Alexander*, 46 Cal.App.5th at 253. To state a claim for negligent supervision, a plaintiff must allege facts showing "an employer supervising an employee; who is incompetent or unfit; the employer had reason to believe undue risk of harm would exist because of the employment; and the harm occurs." *Albert v. Mid-Century Ins. Co.*, 236 Cal. App. 4th 1281, 1292 (2015) (citing *Federico v. Superior Court* 59 Cal.App.4th 1207, 1213-14 (1997)).

Defendants contend there are no allegations indicating when or how Castillo allegedly sexually abused other detainees or took an interest in examining detainees with health issues related to their penises or that Defendants knew or should have known about these alleged occurrences. They argue vague allegations that Castillo may have sexually abused other detainees prior to Plaintiff, and that he, as a medical provider, took an interest in examining detainees with health issues related to their penises does not establish that Defendants knew or should have known that Castillo was unfit or that Defendants failed to use reasonable care to discover his unfitness. They further argue Plaintiff's allegations that other unidentified employees summoned or chaperoned and tracked him to the examination room and permitted Castillo to sexually abuse him with knowledge that Castillo would do so, are speculative. Defendants also contend Plaintiff fails to allege facts establishing that any other employee witnessed the alleged sexual abuse, knew about it, or suspected it. As such, they argue, it is unclear from the complaint who failed to monitor what or who, how any other employee failed to be alert to the alleged sexual abuse, or that the alleged sexual abuse was foreseeable. They further argue the complaint is devoid of allegations

establishing any causal nexus between Defendants' other employees and Plaintiff's alleged injuries.

In opposition, Plaintiff argues Defendants rely on an inapplicable heightened pleading standard. Plaintiff maintains he is not required to plead with particularity as required by Rule 9 of the Federal Rules of Civil Procedure but must meet the fair notice standard of Rule 8. He contends, as alleged, Defendants have enough information to respond to the complaint as required by Rule 8. He maintains he alleges that every examination of the other detainees subject to Castillo's abuse exhibited the same pattern as Plaintiff's and, as such, presented red flags causing the abuse to be open and obvious. He further maintains he alleges Defendants' employees negligently chaperoned and tracked Plaintiff despite their responsibility to do so. Plaintiff also argues he provides Defendants fair notice as to why Castillo's conduct was foreseeable when he alleges they failed to be alert to the potential risks or signs of sexual abuse that should have been a part of their training.

In reply, Defendants argue Plaintiff offers no more than naked assertions in support of his claim.

Plaintiff suggests his allegations that he was summoned regularly by Castillo after the problem with his penile implants, that he sometimes did not comply when summoned by Castillo, that every medical examination of a detainee involved summoning, chaperoning and tracking the detainee's whereabouts, that Castillo sexually assaulted other detainees and Castillo's interests in detainees with problems with their penises sufficiently shows Defendants knew or should have known about Castillo's propensities. However, there are no allegations as to whether Defendants or Defendants' employees were aware of the sexual assaults of Plaintiff or other detainees or that Defendants were aware Castillo had an interest in detainees with medical problems related to their penises. The fact Castillo regularly summoned Plaintiff when he was suffering from an infection and was seeking treatment for his back, without more, does not put Defendants on notice of Castillo's propensities. Additionally, Plaintiff's conclusory allegation that Castillo's interest in

detainees with medical problems with their penises was open and obvious because of the summoning, chaperoning and tracking requirement calls for a significant deductive leap. Although the Court must construe all inferences in Plaintiffs' favor, the conclusory allegations require too many leaps and inferences to plausibly suggest Defendants were aware of Castillo's unfitness. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001)). ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Accordingly, Plaintiff fails to state a claim for negligent supervision.

## II. Negligent Training

Defendants argue Plaintiff's claim for negligent training is subject to dismissal because it does not contain facts sufficient to establish that Defendants' training practices caused Plaintiff injury or that any of Defendants' other employees had reason to know that Defendants' training practices were deficient. "A plaintiff alleging negligent training under California law must show that the employer negligently trained the employee as to the performance of the employee's job duties and as a result of such negligent instruction, the employee while carrying out his job duties caused injury or damage to the plaintiff." *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F.Supp.2d 1187, 1208 (E.D. Cal. 2009) (citing *State Farm Fire & Casualty Co. v. Keenan*, 216 Cal. Rptr. 318, 331 (Cal. Ct. App. 1985)).

Defendants maintain the complaint is devoid of specific factual allegations regarding any other employee and contend the vague allegations regarding groups of unidentified employees are insufficient. Additionally, they argue the complaint fails to include allegations specifying how or why any other employee was allegedly negligent because of his or her training.

Plaintiff argues he alleges Defendants' employees charged with chaperoning and tracking detainees, should have received training on definitions and examples of prohibited and illegal sexual behavior, recognition of situations where sexual abuse and/or assault

may occur; and recognition of the physical, behavioral and emotional signs of sexual abuse and/or assault and ways to prevent and respond to such occurrences.

In reply, Defendants argue a list of training topics and the existence of a "standard of care" does not demonstrate that any of Defendants' employees were allegedly negligent because of their training. They argue Plaintiff's allegations that employees saw or should have perceived ongoing sexual abuse but did not because of their inadequate and/or lack of training are merely conclusory.

Plaintiff alleges employees were required to chaperone and track detainees summoned for medical care and lists types of training he believes those employees should have received. However, the complaint contains no allegations regarding any specific employee aside from Castillo. The allegations of the existence of training for sexual abuse and assault prevention and intervention and that employees were required to chaperone and track detainees, in conjunction with his allegations surrounding Castillo's conduct does not sufficiently allege Defendants' employees' failure to recognize the signs of sexual abuse were a result of their lack of training. Accordingly, Plaintiff fails to state a claim for negligent training.

**III. Intentional Infliction of Emotional Distress**

Defendants argue Plaintiff's attempt to allege claims for intentional infliction of emotional distress directly against Defendants and based on theories of vicariously liability and ratification fail. To state a claim for intentional infliction of emotional distress, a plaintiff must allege facts showing: (1) extreme and outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004); *Christensen v. Superior Court*, 54 Cal.3d 868, 903-04 (1991).

**A. Severe emotional distress**

Defendants contend Plaintiff's allegations that he suffered severe emotional distress are conclusory and insufficient to meet that required to support his claim. Plaintiff argues

he alleges he suffered anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame which courts have found sufficient to survive dismissal. Defendants, in reply, contend a recitation of emotions is insufficient to establish severe emotional distress.

"Severe emotional distress means 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'" *Hughes v. Pair*, 46 Cal.4th 1035, 1051 (2009) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1004 (1993)). In the complaint, Plaintiff alleges he suffered "physical pain, emotional distress, psychological trauma, and mental deterioration" and "anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it." Complaint ¶¶ 85, 88 (ECF No. 1). Plaintiff also Alleges Castillo pushed him against a door to sexually assault him. *Id.* ¶ 31. At this stage of the proceedings, he sufficiently alleges facts to plausibly support that he suffered severe emotional distress.

**B. Direct Claim**

Defendants argue Plaintiff fails to state a claim for intentional infliction of emotional distress against them directly because the complaint sets forth no factual allegations establishing Defendants engaged in any conduct that was directed at Plaintiff with the intention of causing, or with reckless disregard of the probability of causing, emotional distress upon him. They contend Plaintiff's allegations that Defendants should have been alerted to sexual abuse because Plaintiff had frequent appointments, or refused or was hesitant to go to appointments, is based upon conjecture, particularly in light of Plaintiff's allegations that he suffered from back pain and that he required medical treatment after his penis became infected. They further argue Plaintiff's allegations that Defendants failed to train staff and failed to provide instructions to Plaintiff regarding sexual abuse do not constitute intentional and/or reckless conduct directed at Plaintiff. Additionally, they argue

Plaintiff's allegations that Defendants failed to train or instruct do not establish outrageous conduct.

Plaintiff argues that a defendant need not be personally acquainted with the particular plaintiff injured by his or her conduct and need only be aware of the presence of a plaintiff and act with reckless disregard for their interests. He maintains it is immaterial whether Defendants knew of his exact identity when they failed to provide their employees with appropriate training on sexual abuse identification and prevention. Plaintiff contends the complaint otherwise contains allegations raising the inference of Defendants' awareness of Plaintiff's detainment. Therefore, Plaintiff argues, it was obvious to Defendants that Plaintiff, as a detainee at OMDC, would suffer from its failure to provide adequate training designed specifically to protect detainees like him. He further contends Defendants' conduct was motivated by their desire to save money at the expense of Plaintiff's health and safety, which, he argues constitutes outrageous conduct and reckless disregard.

Defendants argue, in reply, that the fact Plaintiff was detained does not demonstrate Defendants' awareness and there are no allegations that Defendants knew that Plaintiff would suffer severe emotional distress.

Plaintiff's allegations that Defendants' failure to train staff and instruct Plaintiff regarding sexual assault do not rise to extreme or outrageous conduct. "Outrageous conduct is that which exceeds all bounds usually tolerated by a decent society, and is of a nature which is especially calculated to cause, and does cause, mental distress." *McDaniel v. Gile*, 230 Cal.App.3d 363, 372 (1991) (citation and internal quotations omitted). Plaintiff's additional allegation that Defendants' conduct was motivated by a desire to save money does not support that the failure to train was conduct that "exceeds all bounds usually tolerated by a decent society" or is of a nature especially calculated to cause emotional distress. As such, Plaintiff fails to state a claim for intentional infliction of emotional distress directly against Defendants.

//

## C. Vicarious Liability

Defendants argue they cannot be found vicariously liable for Castillo's alleged sexual abuse or intentional conduct based upon the facts alleged in the complaint because Plaintiff fails to sufficiently allege Castillo's conduct was committed during the course and scope of his employment. They contend there are no allegations that Defendants or any of its employees were aware that the alleged sexual abuse was occurring or that Castillo was otherwise allegedly committing an intentional tort. Defendants argue Plaintiff's allegations, without more, fail to establish Castillo's alleged intentional conduct was connected to his employment or was motivated by anything other than his own personal satisfaction or motives. They further argue Plaintiff's allegation that Castillo's conduct was not routine negates any allegation that the alleged abuse was foreseeable and/or inherent in the working environment to establish vicarious liability against Defendants.

Plaintiff argues whether the conduct occurs in the scope of employment is a fact intensive inquiry not appropriate for determination on a motion to dismiss. Defendants, in reply, argue the determination can be made in this case because Plaintiff alleged that Castillo's conduct was not routine which implies that he was acting outside the scope of his employment.

Under California law, "an employer is vicariously liable for the torts of its employees committed within the scope of the employment." *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal.4th 291, 296 (1995). An employee's intentional tort may give rise to vicarious liability, "even though the employer has not authorized the employee to commit crimes or intentional torts." *Id*. at 296-97. "[T]he tort must be 'generally foreseeable' or 'engendered by' or 'arise from' the employment to hold an employer vicariously liable." *Xue Lu v. Powell*, 621 F.3d 944, 948 (9th Cir. 2010) (quoting *Lisa M.*, 12 Cal.4th at 299).

The Court finds this inquiry as to whether Castillo's conduct was committed within the scope of his employment is more appropriately addressed when the record is further developed. However, to the extent Plaintiff seeks relief under a theory of strict liability,

the claim is subject to dismissal. *See Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 1004 (1995).[1]

### D. Ratification

Defendants argue the complaint is devoid of allegations establishing they were aware of Castillo's alleged conduct, much less that they authorized or voluntarily adopted it. They contend Plaintiff's allegations that Defendants knew or should have known about the alleged sexual abuse because it was open and obvious, given Plaintiff's numerous medical appointments, is speculation. They further contend Plaintiff's allegations that Defendants failed to properly investigate Castillo's conduct and they hid the abuse are unsupported and improper conclusions. Even if Plaintiff alleged factual allegations sufficient to demonstrate their awareness of the alleged sexual abuse, Defendants argue, Plaintiff fails to specifically allege that Defendants failed to investigate the alleged abuse or otherwise failed to discharge or punish Castillo for his alleged conduct to establish ratification.

Plaintiff contends he alleges that the abuse was open and obvious given that Castillo's initiation of contact with Plaintiff occurred after the problems with Plaintiff's penile implants were noted in his medical record and Castillo's conduct of summoning Plaintiff multiple times a week. He contends these allegations show Defendants ratified Castillo's conduct by failing to properly investigate and hiding the abuse.

In reply, Defendants argue Plaintiff's allegations regarding notations in a medical record and Castillo's act of summoning Plaintiff to appointments are too tenuous to establish knowledge of misconduct, much less that Defendants failed to investigate or respond to charges that Castillo committed an intentional tort.

"[A]n employer may be liable for an employee's act where the employer either authorized the tortious act or subsequently ratified an originally unauthorized tort." *C.R.*

---

[1] Plaintiff asserts "Defendants are strictly liable for Perpetrator's intentional infliction of emotional distress." Complaint ¶ 89 (ECF No. 1).

*v. Tenet Healthcare Corp.*, 169 Cal.App.4th 1094, 1110, (2009) (as modified on denial of reh'g (Feb. 3, 2009)). An employer may be liable under a theory of ratification if the employer fails to investigate or respond to "charges that an employee committed an intentional tort, such as assault or battery." *Baptist v. Robinson*, 143 Cal.App.4th 151, 169 (2006).

As discussed above, Plaintiff fails to sufficiently allege Defendants were aware of Castillo's conduct. Plaintiff's allegations that the abuse was open and obvious given that Castillo summoned Plaintiff several times a week is speculative in light of Plaintiff's allegations that he was suffering from an infected penis and back pain. Accordingly, Plaintiff fails to state a claim for intentional infliction of emotional distress under a theory of ratification.

**IV.  Sexual Harassment**

Defendants argue Plaintiff fails to allege he had a business, service, or professional relationship with Defendants as defined in California Civil Code section 51.9(a)(1) to support his claim for sexual harassment. Even if he had, Defendants contend, Plaintiff did not have a business, service, or professional relationship with Defendants by virtue of their alleged operation of OMDC. They maintain courts have held that OMDC/CoreCivic is not a business establishment for purposes of the Unruh Act under California Civil Code section 51 and argue the same should be found with respect to the sexual harassment claim. Defendants also argue Plaintiff fails to allege Defendants made sexual advances, solicitations, or requests or engaged in other unwelcome conduct of a sexual or hostile nature. As such, Defendants argue, Plaintiff cannot establish that he suffered personal injury and/or emotional distress as a result of the conduct. Defendants further argue Plaintiff's conclusory allegations regarding ratification are insufficient to establish that Defendants authorized and/or adopted Castillo's alleged conduct.

In opposition, Plaintiff argues Defendants, by virtue of operating OMDC, offer services to detainees that arise out of the kind of professional relationship contemplated by

section 51.9. He further argues Defendants are liable pursuant to vicarious liability and ratification.

In reply, Defendants argue Plaintiff fails to offer any authority to support his position that asylum seekers are in a business, service or professional relationship with operators of an immigration detention center or their employees.

Pursuant to California law, a person may be liable for sexual harassment when (1) "[t]here is a business, service, or professional relationship between the plaintiff and defendant"; (2) "[t]he defendant has made sexual advances, solicitations, sexual requests, demands for sexual compliance by the plaintiff, or engaged in other verbal, visual, or physical conduct of a sexual nature or of a hostile nature based on gender, that were unwelcome and pervasive or severe"; and (3) "[t]he plaintiff has suffered or will suffer economic loss or disadvantage or personal injury, including, but not limited to, emotional distress or the violation of a statutory or constitutional right, as a result. CAL.CIV.CODE § 51.9.

Defendants contend Plaintiff fails to establish a qualifying business relationship to support his claim. Section 51.9 addresses "relationships between providers of professional services and their clients." *Hughes,* 46 Cal.4th at 1044 (quoting Stats.1994, ch. 710, § 1). Jailor-inmate relationships do not qualify because they "are not professional relationships involving a client voluntarily seeking a paid professional's health, legal, or other business services, but rather are custodial relationships in which an inmate is subjected to the relationship as a result of the inmate's involuntary incarceration." *Doe v. San Joaquin Cnty.,* 2019 WL 2106175 at *4 (E.D.Cal. May 14, 2019). Plaintiff's relationship with Defendants as a detainee in OMDC is comparable to a jailer-inmate relationship. Plaintiff attempts to distinguish detention in OMDC from incarceration in a jail. However, his attempts at establishing that a professional relationship existed between he and CoreCivic are not persuasive. While Plaintiff's detention in OMDC is civil rather than criminal, the relationship between an immigration detainee and CoreCivic is not one in which the detainee is voluntarily seeking services from Defendants. *See also Est. of Mejia v.*

*Archambeault*, 2021 WL 4428990 at *8 (S.D.Cal. Sept. 27, 2021) (finding CoreCivic, as a private operator of detention centers, does not qualify as a business establishment under the Unruh Act.).  Accordingly, Plaintiff fails to state a claim for sexual harassment.

**V.  Sexual Battery**

Defendants argue Plaintiff's sexual battery claim fails because committing sexual battery is not within the course and scope of employment and Plaintiff fails to allege facts demonstrating that Defendants ratified Castillo's conduct.  Specifically, they argue there are no allegations sufficient to establish that Defendants or any of Defendants' employees were aware of, or should have been aware of, the alleged abuse.  They further argue Plaintiff's allegations that Defendants ratified and/or failed to act to cut cost and generate profit is speculative and inflammatory.  Additionally, they contend Plaintiff's allegation that Defendants failed to properly investigate Castillo's conduct and that Defendants' managing agents and supervisors hid the alleged abuse is unsupported, when there are no allegations that Defendants were aware of any alleged assault or any of the events giving rise to Plaintiff's complaint.  They further contend Plaintiff provides no facts to establish the identities of the managing agents or supervisors that allegedly hid the alleged abuse, or when or how they did so.

In opposition, Plaintiff argues he has addressed these arguments in his response to the preceding sections and, for those reasons, he contends, he sufficiently alleges sexual battery based upon vicarious liability and ratification.

California Civil Code section 1708.5 reads, in relevant part,

(a) A person commits a sexual battery who does any of the following:
(1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results.
(2) Acts with the intent to cause a harmful or offensive contact with another by use of the person's intimate part, and a sexually offensive contact with that person directly or indirectly results.
(3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

Plaintiff alleges Defendants ratified Castillo's misconduct, refused to take any action and failed to properly investigate. Complaint ¶ 108 (ECF No. 1). He further alleges Defendants' managing agents and supervisors hid the abuse. *Id*. As discussed above, Plaintiff fails to sufficiently allege Defendants were aware of Castillo's conduct. Therefore, his sexual battery claim based upon ratification fails. Whether Castillo's conduct was committed within the scope of his employment to support his claim based upon vicarious liability is more appropriately addressed when the record is further developed. However, to the extent Plaintiff seeks relief under a theory of strict liability, the claim is subject to dismissal. *See Farmers Ins. Group*, 11 Cal.4th at 1004.

## VI. Punitive Damages

Defendants argue, as corporate employers, they cannot be liable for punitive or exemplary damages under section 3294(a), where there are no allegations that Defendants' officers, directors, or managing agents knew, consciously disregarded, authorized, and/or ratified any of Castillo's conduct. They contend Plaintiff's assertions that Defendants knew or should have known about Castillo's alleged sexual misconduct fall short of establishing knowledge, authorization, and/or ratification.

Plaintiff argues he alleges facts that indicate Defendants' officers, directors, and managing agents ratified, authorized, and participated in the conduct that led to Plaintiff's abuse. Plaintiff maintains he explicitly references the duties imposed by the PBNDS on Defendants which are necessarily carried out by their managing agents.

In reply, Defendants argue Plaintiff's contention that the imposition of the PBNDS necessitates the involvement of managing agents is speculative. They further argue Plaintiff's contention that PBNDS violations occurred due to cost-cutting is wholly unsupported, as is his argument that Defendants' decision to inadequately train its staff amounted to policy or practice attributable to an officer, director, or managing agent.

Pursuant to California Civil Code section 3294(a), a Plaintiff may recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been

guilty of oppression, fraud, or malice[.]" CAL.CIV.CODE § 3294(a).  "An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." CAL.CIV.CODE § 3294(b).

Plaintiff fails to sufficiently allege knowledge of Castillo's unfitness to support punitive damages.  Additionally, contrary to Plaintiff's contention, he fails to sufficiently allege a policy or practice to staff OMDC with personnel who lacked the necessary training to identify and intervene in instances of sexual abuse.  Accordingly, Plaintiff's prayer for punitive damages is subject to dismissal.

**VII. Does 1 Through 50**

Defendants contend Plaintiff cannot assert claims against fictitious Doe Defendants as mere placeholders for additional facts and parties.  They further contend the complaint is devoid of factual allegations against any Doe Defendant.  Plaintiff does not address this argument.  Instead, he seeks leave to amend.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citing *Wiltsie v. California Department of Corrections*, 406 F.2d 515 (9th Cir. 1968)).  However, naming Doe defendants may be necessary when a plaintiff states a valid claim but requires discovery to identify the defendants. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  Plaintiff does not dispute that he fails to sufficiently allege a claim against the Doe defendants.  As such, they are subject to dismissal.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendants' motion to dismiss (ECF No. 5) is **GRANTED IN PART AND DENIED IN PART**.

2. The motion is **GRANTED** as to Plaintiff's claims for negligent supervision, negligent training, intentional infliction of emotional distress based on direct liability, strict liability and ratification, sexual harassment, sexual battery based on ratification and strict liability, punitive damages and as to the Doe defendants.

3. Plaintiff's claims for intentional infliction of emotional distress based upon strict liability, sexual harassment and sexual battery based upon strict liability are **DISMISSED with prejudice**.

4. The motion is **DENIED** as to Plaintiff's claims for intentional infliction of emotional distress based on vicarious liability and sexual battery based upon vicarious liability.

5. Plaintiff may file an amended complaint addressing the deficiencies noted **on or before October 24, 2024**.

DATED: September 30, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE