Dana M. Keene, CA Bar #324993
Shannon L. Knorr, CA Bar #300399
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 W. Ray Road, Ste. 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dkeene@strucklove.com

Matt Mahoney, Esq., CA Bar # 211184
WITHAM MAHONEY & ABBOTT, LLP
401 B Street, Suite 1900
San Diego, CA 92101
Tel.: (619) 407-0505
Fax: (619) 872-0711
mahoney@wmalawfirm.com

*Attorneys for Defendants CoreCivic, Inc.
and Correctional Medicine Associates, P.C.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alexis Zelaya Gonzalez,<br><br>            Plaintiff,<br><br>v.<br><br>CoreCivic, Inc., et al.,<br><br>            Defendants. | NO. 3:24-cv-00087-JAH-BLM<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 16)**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants CoreCivic, Inc. ("CoreCivic") and Correctional Medicine Associates, P.C. ("CMA") (collectively, "Defendants"), submit their Answer to Plaintiff's First Amended Complaint (Dkt. 16).  Defendants deny each allegation and each claim for relief contained in Plaintiff's First Amended Complaint that is not expressly admitted or otherwise pled to.  Defendants admit, deny, and allege as follows:

## INTRODUCTION

1.    In answering Paragraph 1 of Plaintiff's First Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's entry into the United States prior to his detention at

Defendants' Answer to First Amended Complaint            1            __3:24-cv-00087-JAH-BLM

the Otay Mesa Detention Center ("OMDC") and therefore deny them. Defendants admit that Plaintiff was detained at OMDC while in the legal custody of the United States Immigration and Customs Enforcement ("ICE") from approximately January 16, 2020 to September 19, 2022.

2.    In answering Paragraph 2 of Plaintiff's First Amended Complaint, Defendants admit that CoreCivic is a private corporation that, as part of its business operations, owns and/or operates detention, correctional, and residential reentry facilities across the country pursuant to agreements it has with local, state, and federal government partners. Defendants affirmatively assert that it owned and operated OMDC at all times relevant to Plaintiff's First Amended Complaint, and that it detained ICE detainees there pursuant to a detention services agreement between CoreCivic and ICE.

3.    Defendants deny the allegations in Paragraph 3 of Plaintiff's First Amended Complaint. Defendants specifically deny that CoreCivic employed medical personnel at OMDC during the relevant timeframe. Defendants affirmatively assert that CMA did not employ Nurse Practitioner ("NP") Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit. Rather, Defendants affirmatively assert that NP Castillo was employed by Correctional Medicine Associates of California, P.C., at OMDC at all relevant times.

4.    In answering Paragraph 4 of Plaintiff's First Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations regarding the California Legislature's intent in enacting A.B. 2338, and therefore deny them. Answering further, Cal. Gov. Code § 7320 speaks for itself and no response regarding this statute is required, and none is provided. Defendants deny all remaining allegations in this paragraph. Defendants specifically deny that CMA was a "for profit prison compan[y]."

Defendants' Answer to First                    2                    __3:24-cv-00087-JAH-BLM
Amended Complaint

5.      In answering Paragraph 5 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff has filed the instant action, which includes a claim under Cal. Gov. Code § 7320.  Defendants deny all remaining allegations in this paragraph.

## PARTIES

6.      Defendants admit the allegations in Paragraph 6 of Plaintiff's First Amended Complaint, and affirmatively assert that Plaintiff was detained at OMDC from approximately January 16, 2020 to September 19, 2022.

7.      In answering Paragraph 7 of Plaintiff's First Amended Complaint, Defendants admit that CoreCivic is a for-profit corporation, that it owns and operates OMDC, and that it owns and operates correctional, detention, and residential reentry facilities throughout the United States.  Defendants deny all remaining allegations in this paragraph.

8.      In answering Paragraph 8 of Plaintiff's First Amended Complaint, Defendants admit only that CoreCivic and CMA share the same Tennessee address as their respective principal places of business.  Defendants deny that CMA employed any medical professionals, including NP Castillo, at OMDC during the relevant time frame. Defendants also deny that CMA is a subsidiary of CoreCivic, that CMA employees were also CoreCivic employees, or that CMA employed medical professionals at all CoreCivic facilities nationwide.  Moreover, this paragraph contains improper legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations. The remaining allegations are either too unclear and/or vague to elicit a response and are therefore denied.

9.      In answering Paragraph 9 of Plaintiff's First Amended Complaint, this paragraph contains improper legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations and deny all

Defendants' Answer to First Amended Complaint                3                __3:24-cv-00087-JAH-BLM

remaining allegations in this paragraph. Defendants affirmatively assert that Plaintiff's negligent supervision and training claims were dismissed (Dkt. 13 at 7–8), and that Plaintiff is not asserting a negligent hiring claim.

## VENUE AND JURISDICTION

10. In answering Paragraph 10 of Plaintiff's First Amended Complaint, Defendants admit that this Court has federal diversity jurisdiction over these claims pursuant to 28 U.S.C. § 1332.

11. In answering Paragraph 11 of Plaintiff's First Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

12. In answering Paragraph 12 of Plaintiff's First Amended Complaint, Defendants admit that CoreCivic is incorporated in Maryland and that its principal place of business is in Tennessee.

13. In answering Paragraph 13 of Plaintiff's First Amended Complaint, Defendants admit that CMA is a Tennessee corporation and that its principal place of business is in Tennessee. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

14. In answering Paragraph 14 of Plaintiff's First Amended Complaint, Defendants admit that venue is proper in this District under 28 U.S.C. § 1391. Defendants deny that venue is proper in this District under 15 U.S.C. § 22, as Plaintiff is not alleging an antitrust action. Defendants deny that the alleged events or any wrongdoing on the part of any Defendant occurred.

## FACTS

**I.    DEFENDANT'S EMPLOYEE SEXUALLY ASSAULTED PLAINTIFF**

15. In answering Paragraph 15 of Plaintiff's First Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the

Defendants' Answer to First            4            __3:24-cv-00087-JAH-BLM
Amended Complaint

allegations contained in this paragraph, and therefore deny them.

16. Defendants admit Paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendants admit Paragraph 17 of Plaintiff's First Amended Complaint.

18. In answering Paragraph 18 of Plaintiff's First Amended Complaint, Defendants admit only that Plaintiff self-reported to medical personnel at OMDC that he suffered from pre-existing back pain. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny them.

19. In answering Paragraph 19 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff requested various medical treatments, diagnostic tests, and procedures for his alleged pre-existing back pain, including an MRI. Defendants further admit that Plaintiff received at least one x-ray and other treatment modalities during his detention at OMDC for his subjective complaints of back pain. Defendants deny all remaining allegations in this paragraph, including any insinuation that Plaintiff's medical care for any alleged pre-existing back pain was somehow inadequate.

20. In answering Paragraph 20 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff "received penile implants" during his detention at OMDC. Defendants affirmatively assert that "penile implants," as the term is medically used, are not provided to detainees at OMDC. To the extent "penile implants" colloquially refer to the practice of inserting foreign objects into an individual's penis or under the foreskin of the penis, this practice is not permitted under facility rules and is not authorized or medically sanctioned by security or medical personnel at OMDC. Defendants affirmatively allege that Plaintiff reported to medical personnel that prior to his detention at OMDC he inserted numerous foreign bodies, specifically marbles, under the foreskin of his penis, and that those foreign bodies were present during his detention at OMDC. Defendants affirmatively allege that Plaintiff requested medical care to treat a purported penile infection caused

Defendants' Answer to First Amended Complaint                5                __3:24-cv-00087-JAH-BLM

by the foreign bodies he or someone else inserted under the foreskin of his penis. Defendants are without sufficient information to form a belief as to the truth of the allegations that Plaintiff or someone else inserted foreign objects under the foreskin of his penis while he was detained at OMDC, and therefore deny them. Defendants specifically deny that they or their employees had any involvement in Plaintiff's and/or others' insertion of foreign bodies into their penises or under their foreskin.

21. In answering Paragraph 21 of Plaintiff's First Amended Complaint, Defendants admit only that during Plaintiff's detention at OMDC, he complained to medical personnel that his penis was infected and that he was treated for that infection. Defendants are without sufficient information to form a belief as to the timeframe of Plaintiff's insertion of foreign bodies under his foreskin and any alleged penile infection and therefore deny them.

22. In answering Paragraph 22 of Plaintiff's First Amended Complaint, Defendants deny this paragraph as stated. Defendants further deny Paragraph 22 to the extent it suggests that Plaintiff was immediately seen by a doctor after "receiving penile implants" and was thereafter immediately prescribed antibiotics to treat his penile infection. Defendants affirmatively assert that a registered nurse saw Plaintiff initially after he submitted a complaint related to his penis. The registered nurse did not prescribe antibiotics at this visit. Plaintiff continued to receive treatment for his penis-related complaints at OMDC, which included, but was not limited to, treatment by NP Castillo and other medical providers, including a physician, and was prescribed topical and oral antibiotics.

23. In answering Paragraph 23 of Plaintiff's First Amended Complaint, Defendants deny that NP Castillo was a "perpetrator" and deny any wrongdoing by NP Castillo. Defendants also deny that NP Castillo was employed by either Defendant. Defendants affirmatively assert that NP Castillo was employed by Correctional Medicine Associates of California, P.C., at OMDC from approximately September 2020 through mid-August 2022.

24. In answering Paragraph 24 of Plaintiff's First Amended Complaint, Defendants admit only that CoreCivic employed non-medical security personnel at OMDC. Defendants deny all remaining allegations in this paragraph.

25. Defendants deny the allegations in Paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendants deny the allegations in Paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendants deny the allegations in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendants deny the allegations in Paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendants deny the allegations in Paragraph 29 of Plaintiff's First Amended Complaint.

30. In answering Paragraph 30 of Plaintiff's First Amended Complaint, Defendants admit only that NP Castillo treated Plaintiff for his medical complaints related to his penis and conducted medical examinations of Plaintiff pursuant to those complaints. Defendants deny all remaining allegations in this paragraph.

31. In answering Paragraph 31 of Plaintiff's First Amended Complaint, Defendants admit only that NP Castillo obtained a penile culture from Plaintiff's penis to treat his penile infection. Defendants deny all remaining allegations in this paragraph.

32. In answering Paragraph 32 of Plaintiff's First Amended Complaint, Defendants admit only that Plaintiff refused several medical and mental health appointments during his detention at OMDC, and that the appointments he refused were not just with NP Castillo. Defendants deny all remaining allegations in this paragraph.

33. In answering Paragraph 33 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the

Defendants' Answer to First Amended Complaint                     7                    __3:24-cv-00087-JAH-BLM

truth of the allegations contained in Paragraph 33, and therefore deny them.

34. Defendants deny the allegations in Paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendants deny the allegations in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendants deny the allegations in Paragraph 36 of Plaintiff's First Amended Complaint.

## II. CALIFORNIA ENACTED GOVERNMENT CODE SECTION 7320 TO PROTECT PEOPLE WITHIN ITS BORDERS FROM ABUSE BY PRIVATE PRISONS

### A. For-Profit Prison Companies Harm People to Maximize Profits

37. Defendants deny the allegations in Paragraph 37 of Plaintiff's First Amended Complaint.

38. In answering Paragraph 38 of Plaintiff's First Amended Complaint, Defendants affirmatively assert that any letters, publications, reviews, news articles, and/or reports cited or referenced in this paragraph contain improper hearsay and/or are irrelevant to the claims in this lawsuit, and that they speak for themselves such that no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38, and therefore deny them. Defendants specifically deny any and all allegations and/or insinuations that they breached any duty to Plaintiff or that they caused or contributed to Plaintiff's purported injuries, if any.

### B. California Enacted Government Code Section 7320 to Protect People in California from Harm While Housed in For-Profit Detention Facilities

39. Defendants deny the allegations in Paragraph 39 of Plaintiff's First Amended Complaint.

40. In answering Paragraph 40 of Plaintiff's First Amended Complaint,

Defendants admit the allegations only to the extent that Cal. Gov. Code § 7320 speaks for itself. This paragraph contains a recitation of a statute to which no response is required, and none is provided.

41. In answering Paragraph 41 of Plaintiff's First Amended Complaint, Defendants admit the allegations only to the extent that Cal. Gov. Code § 7320 speaks for itself. This paragraph contains a recitation and/or interpretation of a statute to which no response is required, and none is provided.

42. In answering Paragraph 42 of Plaintiff's First Amended Complaint, Defendants admit only that, pursuant to the agreement between CoreCivic and ICE, they were required to comply with applicable ICE Performance Based National Detention Standards (2011) (Rev. Dec. 2016) ("PBNDS"), which speak for themselves, and that they were required to use ordinary and reasonable care in doing so. Moreover, this paragraph contains improper legal conclusions to which no response is required. To the extent a response is required, it is specifically denied that the PBNDS set forth any legal standard of care for purposes of this lawsuit.

## III. DEFENDANTS VIOLATED MULTIPLE TERMS OF THEIR CONTRACT WITH ICE

43. In answering Paragraph 43 of Plaintiff's First Amended Complaint, Defendants affirmatively assert that only CoreCivic contracted with ICE; CMA had no involvement in the negotiation or implementation of the ICE/CoreCivic contract and did not contract with ICE directly. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit. Defendants admit only that CoreCivic was required to comply with certain applicable PBNDS pursuant to the agreement between CoreCivic and ICE. Defendants deny all other remaining allegations in this paragraph.

44. In answering Paragraph 44 of Plaintiff's First Amended Complaint,

Defendants' Answer to First Amended Complaint       9       __3:24-cv-00087-JAH-BLM

Defendants admit the allegations only to the extent that the PBNDS speaks for itself, and includes provisions regarding sexual abuse, assault prevention, and staff training. Defendants deny all remaining allegations in this paragraph.

45. In answering Paragraph 45 of Plaintiff's First Amended Complaint, Defendants admit the allegations only to the extent that the PBNDS speaks for itself. This paragraph contains a recitation and/or interpretation of PBNDS sections to which no response is required, and none is provided.

46. Defendants deny the allegations in Paragraph 46 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

47. In answering Paragraph 47 of Plaintiff's First Amended Complaint, Defendants admit the allegations only to the extent that the PBNDS speaks for itself. This paragraph contains a recitation and/or interpretation of PBNDS sections to which no response is required, and none is provided.

48. Defendants deny the allegations in Paragraph 48 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

49. In answering Paragraph 49 of Plaintiff's First Amended Complaint, Defendants admit the allegations only to the extent that the PBNDS speaks for itself. This paragraph contains a recitation and/or interpretation of PBNDS sections to which no response is required, and none is provided.

50. Defendants deny the allegations in Paragraph 50 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe

and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

51.   In answering Paragraph 51 of Plaintiff's First Amended Complaint, Defendants admit the allegations only to the extent that the PBNDS speaks for itself. This paragraph contains a recitation and/or interpretation of a PBNDS section to which no response is required, and none is provided.

52.   Defendants deny the allegations in Paragraph 52 of Plaintiff's First Amended Complaint.  Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

53.   Defendants deny the allegations in Paragraph 53 of Plaintiff's First Amended Complaint.  Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

## FIRST CAUSE OF ACTION

### Violation of Cal. Gov. Code § 7320

### [Cal. Gov. Code § 7320]

### [Against All Defendants]

54.   In answering Paragraph 54 of Plaintiff's First Amended Complaint, this paragraph contains an incorporation paragraph to which no response is required.  To the extent a response is required, it is denied.

55.   In answering Paragraph 55 of Plaintiff's First Amended Complaint, Defendants admit that CoreCivic is a private corporation that owns and operates detention facilities pursuant to detention services agreements it has with its government partners. Defendants deny that CMA owns and operates private

detention facilities. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

56.     In answering Paragraph 56 of Plaintiff's First Amended Complaint, Defendants deny that NP Castillo was employed by either Defendant. Rather, Defendants affirmatively assert that NP Castillo was employed by Correctional Medicine Associates of California, P.C. at OMDC at all relevant times. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit. Defendants deny any allegations of wrongdoing by NP Castillo.

57.     In answering Paragraph 57 of Plaintiff's First Amended Complaint, this paragraph contains improper legal conclusions to which no response is required. To the extent a response is required, Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit. Defendants admit that CoreCivic was required to comply with certain applicable PBNDS pursuant to its agreement with ICE, and that it was required to use ordinary and reasonable care in doing so. Defendants deny that the PBNDS set forth any legal standard of care for purposes of this lawsuit. Defendants affirmatively assert that CoreCivic complied with all applicable PBNDS at all relevant times.

58.     In answering Paragraph 58 of Plaintiff's First Amended Complaint, this paragraph contains improper legal conclusions to which no response is required. To the extent a response is required, Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant

timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit. Defendants admit only that CoreCivic was required to comply with certain applicable PBNDS pursuant to its agreement with ICE, and that it was required to use ordinary and reasonable care in doing so. Defendants deny that the PBNDS set forth any legal standard of care for purposes of this lawsuit. Defendants affirmatively assert that CoreCivic complied with all applicable PBNDS at all relevant times.

59. In answering Paragraph 59 of Plaintiff's First Amended Complaint, this paragraph contains improper legal conclusions to which no response is required. To the extent a response is required, Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit. Defendants admit only that CoreCivic was required to comply with certain applicable PBNDS pursuant to its agreement with ICE, and that it was required to use ordinary and reasonable care in doing so. Defendants deny that the PBNDS set forth any legal standard of care for purposes of this lawsuit. Defendants affirmatively assert that CoreCivic complied with all applicable PBNDS at all relevant times.

60. Defendants deny the allegations in Paragraph 60 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

61. Defendants deny the allegations in Paragraph 61 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

62. Defendants deny the allegations in Paragraph 62 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

63. Defendants deny the allegations in Paragraph 63 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

64. Defendants deny the allegations in Paragraph 64 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

65. Defendants deny the allegations in Paragraph 65 of Plaintiff's First Amended Complaint.

66. Defendants deny the allegations in Paragraph 66 of Plaintiff's First Amended Complaint.

67. Defendants deny the allegations in Paragraph 67 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

68. Defendants deny the allegations in Paragraph 68 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly

or vicariously liable for any claims asserted in this lawsuit.

69. Defendants deny the allegations in Paragraph 69 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

70. Defendants deny the allegations in Paragraph 70 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

71. Defendants deny the allegations in Paragraph 71 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

## SECOND CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### [Against All Defendants]

72. In answering Paragraph 72 of Plaintiff's First Amended Complaint, this paragraph contains an incorporation paragraph to which no response is required. To the extent a response is required, it is denied.

73. Defendants deny the allegations in Paragraph 73 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

74.    Defendants deny the allegations in Paragraph 74 of Plaintiff's First Amended Complaint.  Defendants affirmatively assert that Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim asserted against Defendants directly was dismissed (Dkt. 13 at 9-10) and that Plaintiff does not have a direct IIED claim against Defendants.  Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

75.    Defendants deny the allegations in Paragraph 75 of Plaintiff's First Amended Complaint.

76.    Defendants deny the allegations in Paragraph 76 of Plaintiff's First Amended Complaint.

77.    Defendants deny the allegations in Paragraph 77 of Plaintiff's First Amended Complaint.  Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

## THIRD CAUSE OF ACTION

### Sexual Battery

### [Cal. Civ. Code. § 1708.5]

### [Against All Defendants]

78.    In answering Paragraph 78 of Plaintiff's First Amended Complaint, this paragraph contains an incorporation paragraph to which no response is required.  To the extent a response is required, it is denied.

79.    In answering Paragraph 79 of Plaintiff's First Amended Complaint, Defendants admit the allegations only to the extent that Cal. Civ. Code § 1708 speaks for itself.  This paragraph contains a recitation of legal standards and/or authority to

which no response is required, and none is provided.

80. In answering Paragraph 80 of Plaintiff's First Amended Complaint, Defendants admit the allegations only to the extent that Cal. Civ. Code § 1708.5 speaks for itself. This paragraph contains a recitation of legal standards and/or authority to which no response is required, and none is provided.

81. In answering Paragraph 81 of Plaintiff's First Amended Complaint, Defendants admit the allegations only to the extent that Cal. Civ. Code § 1708.5(d), subsections (1) and (2) speak for themselves. This paragraph contains a recitation of legal standards and/or authority to which no response is required, and none is provided. Defendants deny that Plaintiff recites Cal. Civ. Code § 1708.5 subsection (f) accurately, as no subsection exists.

82. Defendants deny the allegations in Paragraph 82 of Plaintiff's First Amended Complaint.

83. Defendants deny the allegations in Paragraph 83 of Plaintiff's First Amended Complaint.

84. Defendants deny the allegations in Paragraph 84 of Plaintiff's First Amended Complaint.

85. Defendants deny the allegations in Paragraph 85 of Plaintiff's First Amended Complaint. Defendants affirmatively assert that CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

86. Defendants deny the allegations in Paragraph 86 of Plaintiff's First Amended Complaint.

87. Defendants deny the allegations in Paragraph 87 of Plaintiff's First Amended Complaint.

## PRAYER FOR RELIEF

In answering Plaintiff's Prayer for Relief, Defendants deny all allegations of wrongdoing and deny that Plaintiff is entitled to any of the relief requested, including attorneys' fees and/or costs.

## AFFIRMATIVE DEFENSES

1. As a separate defense and in the alternative, Defendants allege that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2. As a separate defense or in the alternative, CMA did not employ NP Castillo or any other medical professionals at OMDC during the relevant timeframe and is, therefore, not involved in any of Plaintiff's allegations, and cannot be directly or vicariously liable for any claims asserted in this lawsuit.

3. As a separate defense and in the alternative, Defendants allege that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

4. As a separate defense or in the alternative, Defendants allege that Plaintiff may lack standing to pursue his claims.

5. As a separate defense and in the alternative, Defendants allege that any actions or inactions alleged on the part of Defendants were not the actual and/or proximate cause of any injuries, losses, and/or damages to the Plaintiff, if any, thereby barring recovery.

6. As a separate defense and in the alternative, Defendants allege that they are entitled to all privileges and immunities under California and/or federal law.

7. As a separate defense and in the alternative, Defendants allege that Cal. Gov. Code § 7320 is unconstitutional as applied to Defendants, including but not limited to violations of their rights to equal protection, due process, and protection against interference with rights under private contracts.

8. As a separate defense and in the alternative, Defendants allege that they

Defendants' Answer to First Amended Complaint                18                __3:24-cv-00087-JAH-BLM

are entitled to derivative and qualified immunity, including but not limited to intergovernmental immunity, derivative sovereign immunity, preemption, and the government contractor defense.

9.    As a separate defense and in the alternative, Defendants allege that their conduct did not violate any applicable standard of care.

10.    As a separate defense and in the alternative, Defendants allege that the operation of OMDC was at all times consistent with the applicable standard of care.

11.    As a separate defense and in the alternative, Defendants allege that they did not breach any duty owed to Plaintiff.

12.    As a separate defense and in the alternative, Defendants allege that Plaintiff consented to medical treatment while at OMDC and the treatment rendered to Plaintiff did not exceed the scope of Plaintiff's consent.

13.    As a separate defense and in the alternative, Defendants allege that if medical care provided to Plaintiff did exceed Plaintiff's consent, such actions were outside the course and scope of employment.

14.    As a separate defense and in the alternative, Defendants allege that any and all allegations of sexual assault of any kind was not in furtherance of any employment/employer and was outside the course and scope of employment.

15.    As a separate defense and in the alternative, Defendants allege that Plaintiff suffered no actual injuries and/or damages.

16.    As a separate defense and in the alternative, Defendants allege that Plaintiff's injuries, if any, were caused by a third-party over whom Defendants had no control.

17.    As a separate defense and in the alternative, Defendants allege that Plaintiff's injuries, if any, were proximately caused by an intervening and/or superseding cause for which Defendants are not liable.

18.    As a separate defense and in the alternative, Defendants allege that Plaintiff failed to mitigate his damages, if any.

Defendants' Answer to First
Amended Complaint                          19                     __3:24-cv-00087-JAH-BLM

19.    As a separate defense and in the alternative, Defendants allege that they acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

20.    As a separate defense and in the alternative, Defendants allege that Plaintiff was fully or partially at fault and such fault caused or contributed to the alleged damages complained of in Plaintiff's First Amended Complaint.

21.    As a separate defense and in the alternative, Defendants allege that Plaintiff knew of and voluntarily assumed the risk that led to the alleged injuries complained of in Plaintiff's First Amended Complaint.

22.    As a separate defense and in the alternative, Defendants allege that Plaintiff is barred by the doctrine of unclean hands from taking any relief sought in the First Amended Complaint.

23.    As a separate defense and in the alternative, Defendants allege that Plaintiff, by his own acts and/or omissions, waived his rights, if any, to recover against Defendants.

24.    As a separate defense and in the alternative, Defendants allege that Plaintiff, by his own acts and/or omissions, is estopped from recovering against Defendants because Plaintiff's own actions directly or proximately caused the incident.

25.    As a separate defense and in the alternative, Defendants allege that Plaintiff agreed to, and/or participated in, those actions which Plaintiff claims caused injury or damage, making Plaintiff's claim invalid.

26.    As a separate defense and in the alternative, Defendants allege that Plaintiff's alleged injuries, if any, are insufficient to establish severe emotional distress.

27.    As a separate defense and in the alternative, Defendants allege that their employees' conduct was neither outrageous nor extreme so as to exceed all bounds of that usually tolerated in a civilized community.

28. As a separate defense and in the alternative, Defendants allege that none of their employees intended to cause Plaintiff emotional distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, or caused or contributed to Plaintiff's alleged severe emotional distress.

29. As a separate defense and in the alternative, Defendants allege that Plaintiff has failed to state a claim against any individual employee of any named Defendant, which precludes any vicarious liability on behalf of any named Defendant as their employer.

30. As a separate defense and in the alternative, Defendants allege that the First Amended Complaint fails to state a claim for damages sufficient to support an award of attorneys' fees, costs, expert witness fees, and other litigation fees or expenses as against Defendants.

31. As a separate defense and in the alternative, CMA alleges that it is not a "detention facility operator" pursuant to Cal. Gov. Code § 7320 and therefore it cannot be liable for any claim arising under Cal. Gov. Code § 7320.

32. As a separate defense and in the alternative, Defendants allege that at no time did they fail to comply with and/or adhere to, the "detention standards of care and confinement agreed upon in the facility's contract for operations" in violation of Cal. Gov. Code § 7320(a).

33. As a separate defense and in the alternative, Defendants allege that at no time did CMA or its employees commit a "tortious action" in violation of Cal. Gov. Code § 7320(a) or that Plaintiff was injured by a tortious action such that he may bring a civil action for relief under Cal. Gov. Code § 7320(c).

34. As a separate defense and in the alternative, CoreCivic alleges that at no time did CoreCivic or its employees commit a "tortious action" in violation of Cal. Gov. Code § 7320(a) or that Plaintiff was injured by a tortious action such that he may bring a civil action for relief under Cal. Gov. Code § 7320(c).

35. As a separate defense and in the alternative, Defendants allege that

Defendants' Answer to First Amended Complaint       21          __3:24-cv-00087-JAH-BLM

Plaintiff is not entitled to reasonable attorney's fees and costs, including expert witness fees, pursuant to Cal. Gov. Code § 7320(c).

36.    As a separate defense and in the alternative, Defendants allege that Plaintiff is not a party or a third-party beneficiary of the contract between CoreCivic and ICE and is therefore not entitled to seek recovery for breach of contract.

37.    Defendants reserve the right to amend their Answer to Plaintiff's First Amended Complaint to assert additional defenses, withdraw defenses, and/or add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred, up to and including trial in this matter.

**WHEREFORE**, Defendants respectfully request that:

A.    Plaintiff's First Amended Complaint be dismissed with prejudice, and that Plaintiff take nothing therein;

B.    Defendants be awarded costs, expenses, and attorneys' fees; and

C.    Defendants be awarded such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all triable issues.

Dated:  November 25, 2024

By s/Shannon L. Knorr
Dana M. Keene
Shannon L. Knorr
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dkeene@strucklove.com

Matt Mahoney, Esq.
WITHAM MAHONEY & ABBOTT, LLP
mahoney@wmalawfirm.com

*Attorney for Defendants CoreCivic, Inc. and Correctional Medicine Associates, P.C.*

Defendants' Answer to First Amended Complaint           22           __3:24-cv-00087-JAH-BLM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 25, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Dated: November 25, 2024

By s/Shannon L. Knorr

Defendants' Answer to First Amended Complaint          23          __3:24-cv-00087-JAH-BLM