UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS ZELAYA GONZALEZ, | Case No.: 3:24-cv-00087-JAH-BLM |
| Plaintiff, | **ORDER DISMISSING WITHOUT PREJUDICE** |
| v. | |
| CORECIVIC, INC., ET AL., | **[ECF No. 35]** |
| Defendants. | |

Before the Court is CoreCivic, Inc. and Correctional Medicine Associates, P.C.'s (collectively, "Defendants") Motion to Compel, Motion to Have Requests for Admission Deemed Admitted, and Motion for Sanctions against Alexis Zelaya Gonzalez ("Plaintiff"). ECF No. 35 ("Motion"). The Motion is unopposed as Plaintiff has not filed a response to Defendants' Motion. For the reasons described below, the Court **DISMISSES** the entire action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b), 37(b)(2)(C), and CivLR 83.1.

## BACKGROUND

On May 13, 2025, this Court issued an order granting Plaintiff's counsel's motion to withdraw as counsel and ordered Plaintiff to notify the Court by June 11, 2025, whether he would proceed pro se or retain new counsel. ECF No. 34 ("Order"). That Order also extended Plaintiff's time to respond to Defendant's First Set of Interrogatories to June 30,

1

2025. *Id.* Plaintiff's responses to Defendants' First Set of Requests for Admission and First Set of Requests for Production were due on July 11, 2025, pursuant to the parties' stipulation. Mot. at 4.

On July 18, 2025, Defendants attempted to contact Plaintiff at his last known address regarding his outstanding discovery responses and his failure to comply with the Court's Order, but Defendants were unable to locate Plaintiff.[1] Mot. at 4. Defendants represent that they have taken additional efforts[2] to locate Plaintiff to meet and confer regarding the discovery deficiencies in this case and Plaintiff's failure to comply with the Court's Order, but Plaintiff's whereabouts remain unknown. Mot. at 6-10.

On July 30, 2025, Defendants filed the instant Motion seeking to compel Plaintiff's response to Defendants' discovery requests pursuant to Rules 37(a)(1) and 37(a)(3)(B)(iii)-(iv), to have Defendants' First Set of Request for Admission deemed admitted pursuant to Rule 36(a)(3), and requesting sanctions pursuant to Rules 37(b)(2)(A) and 37(d)(1)(A)(ii) for Plaintiff's failure to comply with the Court's Order.

On August 20, 2025, Defendants filed an ex parte motion to stay the remaining

---

[1] According to Defendants, Plaintiff's last known address is Defendant Core Civic's Central Arizona Florence Correctional Complex ("CAFCC") in Florence, Arizona where Plaintiff was previously detained pursuant to the underlying immigration matter giving rise to this lawsuit. Mot. at 4. However, Defendants were advised by CAFCC that Plaintiff had been transported offsite to an unknown location on May 23, 2025. *Id.* Defendants represent that "[n]either CAFCC nor CoreCivic have any involvement in decisions to transport ICE detainees, and neither CAFCC nor CoreCivic are notified of the location of any ICE detainee after that detainee is transferred from CAFCC." *Id.* at 5.

[2] For example, Defendants represent that they searched the Maricopa County and Mohave County court dockets but were unable to locate Plaintiff's name. Mot. at 5. Defendants state they were also unable to locate Plaintiff via a search of the ICE Online Locater System. *Id.* Defendants represent they found an open criminal matter in Arizona Superior Court, County of Pinal, *State of Arizona v. Alexander Zelaya*, S-1100-CR-202402432, involving Plaintiff, and thereby have reason to believe Plaintiff was transferred pursuant to that matter. *Id.*

3:24-cv-00087-JAH-BLM

deadlines in this case pending this Court's decision on the instant Motion. ECF No. 36. The Court granted Defendants' ex parte motion on August 21, 2025. ECF No. 37.

On March 3, 2026, Plaintiff's former counsel (Boucher LLP) represented to this Court that former counsel notified Plaintiff of this Court's Order and of the next steps required by Plaintiff to progress his case forward following former counsel's withdrawal. *See* Exh. A (March 3, 2026 Email from Boucher LLP).

To date, Plaintiff has not complied with the Court's Order, nor has Plaintiff responded to Defendants' Motion or any of Defendants' discovery requests. *See* docket. Despite knowing of his obligations pursuant to the Court's Order and the parties' discovery deadlines, Plaintiff has not kept the Court and opposing parties informed regarding his current address as required by CivLR 83.11, nor has Plaintiff otherwise participated in the case since Plaintiff's counsel withdrew on May 13, 2025. *Id.* Accordingly, Defendants represent that, pursuant to CivLR 26.1(b), this Court may properly entertain Defendants' Motion for sanctions given that Plaintiff has failed to meet and confer despite Defendants' good faith efforts to meet and confer with Plaintiff.

## DISCUSSION

"District courts have an inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (internal citation omitted). Rule 41(b) allows a district court to dismiss an action sua sponte or upon a motion by a defendant where a plaintiff fails to prosecute or to comply with a court order, while Rule 16(f) permits dismissal of an action pursuant to Rule 37(b)(2)(C) for failure to comply with discovery plans and orders. *Id.*; *Link v. Wabash R. Co.*, 370 U.S. 626, 629-33 (1962); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) ("The standards governing dismissal for failure to obey a court order are basically the same" under Rule 41(b) and 16(f)). Under this Court's local rules, the Court can also dismiss an action without prejudice for failure to prosecute if a pro se party fails to notify the Court and opposing party of their current address. *See* CivLR 83.11(b); CivLR

3:24-cv-00087-JAH-BLM

83.1.  The Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (internal citations omitted).

Courts weigh five factors in considering whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine*, 460 F.3d at 1226 (internal citations omitted).  District courts are not required to "make explicit findings in order to show that it has considered these factors," nor are these factors "a series of conditions precedent before the judge can do anything" but a "way for a district judge to think about what to do." *Id.* (internal citations omitted); *see also Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1056-57 (9th Cir. 1998) (explaining that "the central factor in evaluating the district court order is justice" and that the "list of factors [] provides a non-exhaustive list of things [the Ninth Circuit] can think about in evaluating what the district judge did, subject to [their] deferential review for abuse of discretion").  The Court will weigh these factors in turn.

### 1. Expeditious Resolution of Litigation

It is well-settled that the public has an interest in expeditious resolution of litigation, meaning "the just, speedy, and inexpensive determination of every action." *In re Phenylpropanolamine*, 460 F.3d at 1227 (quoting Fed. R. Civ. P. 1).  Deference is given "to the district court's judgment about when delay becomes unreasonable because [the district court] is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Id.* at 1227 (internal citation and quotations omitted).

Resolution of this case has been at a complete standstill in the ten months following the withdrawal of Plaintiff's counsel on May 13, 2025, due to Plaintiff's failure to take

4

action to prosecute the litigation and to provide Defendants and this Court with his current address. Specifically, Plaintiff's failure to respond to any of Defendants' discovery requests and to comply with the discovery deadlines set by this Court has delayed the resolution of issues in this litigation by preventing Defendants from obtaining the necessary information to properly defend against Plaintiff's claims, adding time and expense in additional motion practice by Defendants to compel Plaintiff's participation in this litigation, and by precluding the resolution of discovery issues via meet and confer. In addition, Plaintiff's failure to comply with this Court's local rule requiring Plaintiff to provide the Court with his current address, CivLR 83.11, and his failure to respond to this Court's Order regarding whether Plaintiff intends to proceed pro se or retain new counsel has prevented Defendants and this Court from taking further action to require Plaintiff's participation in the instant litigation given that neither the Court nor Defendants are aware of Plaintiff's whereabouts and are therefore unable to communicate with Plaintiff.

Given that Plaintiff has provided no explanation for such deficiencies, and in light of the representations made by Plaintiff's former counsel to this Court that Plaintiff was timely notified of this Court's Order and of the next steps required by Plaintiff to progress his case forward following former counsel's withdrawal, the Court finds that such deficiencies are attributable to inexcusable delay and neglect by Plaintiff. *See Thompson*, 782 F.2d at 831-32 (upholding dismissal of an action with prejudice for "failure to comply with pretrial procedures mandated by local rules and court orders" where the record reflected no evidence of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief from the operation of the judgment"). Accordingly, the Court finds that Plaintiff's unexcused noncompliance with pretrial procedures mandated by the local rules, Rule 16, and this Court's orders constitute an unreasonable delay to the resolution of the instant action which merits dismissal of the action pursuant to Rule 41(b), Rule 37(b)(2)(C), and CivLR 83.1.

2. Court's Need to Manage Its Docket.

The Court's inherent power to manage its docket is assessed "in conjunction with

5

3:24-cv-00087-JAH-BLM

the public's interest in expeditious resolution and, as with the first factor, [] deference [is given] to the district court since it 'knows when its docket may become unmanageable.'" *In re Phenylpropanolamine*, 460 F.3d at 1227 (internal citation omitted).  As stated above, the Court's inability to communicate with Plaintiff renders any order by this Court compelling action by Plaintiff as functionally moot given that the Court has no reason to believe that Plaintiff will receive this Court's orders, or that the litigation will otherwise be expeditiously resolved in the future absent further action by this Court.[3]  *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).  Because the Court finds no value in issuing additional orders on the docket that will only add further delay to the resolution of the litigation and will not be received by Plaintiff, the Court finds that dismissal of the case is appropriate under these circumstances.

### 3. Risk of Prejudice to the Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (internal citation omitted).  Failure to produce documents as ordered is considered sufficient prejudice, *id.*, and "[t]he law also presumes prejudice from unreasonable delay."  *In re Phenylpropanolamine*, 460 F.3d at 1227 (citing *In re Eisen*, 31 F.3d at 1453).  A presumption of prejudice is rebuttable if there is a showing that no actual prejudice occurred.  *Id.*  The Ninth Circuit has also "consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."

---

[3] In addition to Defendants' failed efforts to locate Plaintiff, according to the Court's own investigation, the Court has reason to believe that Plaintiff has been deported and is no longer physically present in the United States pursuant to a November 4, 2025, removal order by an immigration judge. *See* Executive Office for Immigration Review, Automated Case Information for Alexis Bladimir Zelaya Gonzalez (079-242-613), https://acis.eoir.justice.gov/en/ (showing that an "immigration judge ordered REMOVAL" on November 4, 2025) (last visited March 9, 2026).

*Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (internal citations omitted). A district court's finding of prejudice is given substantial deference because "the district court is in the best position to assess prejudice." *In re Phenylpropanolamine*, 460 F.3d at 1227 (internal citations and quotations omitted).

Here, the Court finds a presumption of prejudice exists from Plaintiff's unreasonable delay in responding to Defendants' discovery requests, and Plaintiff has offered no argument or evidence to rebut this presumption. *See docket; see also In re Eisen*, 31 F.3d at 1452-53 (upholding a finding of prejudice where plaintiff "made no effort to provide a reasonable explanation" for failure to take any action to resolve the litigation). The Court also finds that Defendants have been prejudiced by Plaintiff's failure to fulfill his responsibilities under this Court's pretrial orders, including this Court's Order to respond to Defendant's First Set of Interrogatories by June 30, 2025, ECF No. 34 at 2, and the parties' pretrial stipulations requiring Plaintiff to serve responses to Defendants' First Set of Requests for Production and First Set of Requests for Admissions to Plaintiff by July 11, 2025, ECF No. 35 at 6. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (finding that plaintiff's "intentional and unjustified violation of the pretrial order prejudiced the [defendant] in a manner which justifies dismissal"). Plaintiff's intentional and inexcusable neglect in prosecuting this case and participating in discovery has significantly prejudiced Defendants by impairing Defendants' ability to prepare a defense to Plaintiff's claims or resolving the litigation through other means (i.e. via settlement discussions, meet and confer, or additional motion practice), especially since the Court is unable to further compel Plaintiff's participation in the litigation given that Plaintiff's whereabouts are unknown. *See generally In re Phenylpropanolamine*, 460 F.3d at 1227 (explaining that prejudice generally consists of "loss of evidence and memory" and "may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself").

The Court also finds that, under Rule 41(b) and the facts of this case, notwithstanding a finding of actual prejudice from Plaintiff's unreasonable delay, Plaintiff's failure to

7

3:24-cv-00087-JAH-BLM

comply with this Court's local rules and otherwise participate in the litigation for over ten months is by itself sufficient basis to justify dismissal of the action for failure to diligently prosecute the case. *See Anderson*, 542 F.2d at 524.

4. Disposition on the Merits.

Although public policy favors the disposition of cases on the merits, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations"—such as in the instant litigation—"cannot move forward toward resolution on the merits." *In re Phenylpropanolamine.*, 460 F.3d at 1228. Consequently, "this factor lends little support to a party," like Plaintiff, "whose responsibility is to lead the case to disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal citations omitted).

Moreover, "[w]hile the strength or weakness of the plaintiff's case may be a factor in determining the harshness of dismissal in a particular case, the court should not closely scrutinize the merits of an action when reviewing an order of dismissal." *Anderson*, 542 F.2d at 526; *see also In re Eisen,* 31 F.3d at 1454 (giving weight to the plaintiff's failure to specify why it is important that his actions be resolved on their merits). "Even if the plaintiff has an obviously strong case, dismissal would be appropriate if the plaintiff has clearly ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof." *Anderson*, 542 F.2d at 526.

Accordingly, for the reasons outlined above, the Court finds that this factor also weighs in favor of dismissing the action.

5. Availability of Less Drastic Sanctions.

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *In re Phenylpropanolamine.*, 460 F.3d at 1228 (internal citations and quotations omitted). "While helpful and encouraged, explicit discussion of alternatives is not necessary for a dismissal order to be upheld." *Id.* at 1229 (internal citation omitted).

Here, the Court considered, but decided against, issuing a lesser sanction prior to

3:24-cv-00087-JAH-BLM

issuing the instant order dismissing the entire action. Specifically, the Court considered ordering Plaintiff to show cause why the Court should not dismiss the entire action for Plaintiff's failure to comply with the Court's Order, the Local Rules, and for failure to prosecute. However, given that Plaintiff is no longer present at the address in the Court's records and the Court is otherwise unaware of Plaintiff's current whereabouts, the Court finds little value in issuing an order that Plaintiff will not receive.

Although the Court did not issue an order to show cause or otherwise issue Plaintiff an explicit warning prior to issuing the instant dismissal order, the Court finds that such additional notice was not necessary or appropriate under the circumstances. *See Valley Eng'rs Inc.*, 158 F.3d at 1057 ("[I]t is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning.") (internal citation omitted); *Link*, 370 U.S. at 633 ("[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."). At minimum, Plaintiff was given notice when Defendants filed and noticed the instant Motion seeking sanctions on July 30, 2025—over seven months ago—yet Plaintiff failed to respond, participate in discovery, and provide his current address to Defendants and the Court. *In re Phenylpropanolamine*, 460 F.3d at 1226 (internal citations omitted) ("Although a warning is not always required … we focus more closely on the lack of warning and absence of consideration of less drastic alternatives when the dismissal is sua sponte rather than in response to a noticed motion."). Plaintiff was also provided notice in this Court's pretrial scheduling order, which was issued while Plaintiff was still represented by former counsel, which stated in bold text that noncompliance with discovery obligations can lead to dismissals or sanctions under the local rules or Rule 37(c). *See* ECF No. 27 at 2-4. Plaintiff was also timely informed of the Court's previous Order and his discovery obligations but chose not to respond. *See* Exh. A. Moreover, that Defendants made reasonable efforts to meet and confer but could not find Plaintiff shows that neither the Court nor Defendants have means to provide Plaintiff with notice beyond what has already

been provided. *See supra* note 2. With this in mind, the Court finds no feasible lesser sanction to progress the case and lead it to an expeditious resolution on the merits.

Notwithstanding the aforementioned deficiencies in Plaintiff's participation in this litigation, the Court finds that the circumstances surrounding Plaintiff's disappearance merits dismissing the case without prejudice and giving the Plaintiff an opportunity to file again in the future as an appropriate lesser sanction than dismissing the action with prejudice. S*ee supra* notes 1-3. Accordingly, the Court DISMISSES the entire action WITHOUT PREJUDICE pursuant to CivLR 83.1, for failure to comply with CivLR 83.11, Rule 41(b) for failure to prosecute and failure to comply with this Court's Order, and Rule 37(b)(2)(C) for failure to comply with discovery plans and orders as required under Rule 16(f). *See In re Phenylpropanolamine*, 460 F.3d at 1227; *Malone*, 833 F.2d at 130.

Given that the Court deems dismissal of the entire action proper, the Court also DENIES Defendant's Motion seeking to compel responses to its discovery requests and requesting sanctions under Rule 37 as moot.

### CONCLUSION

Accordingly, the Court HEREBY ORDERS:

1. The entire action is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b), Rule 37(b)(2)(C), and CivLR 83.1.

2. Defendant's Motion to Compel, Motion to Have Requests for Admission Deemed Admitted, and Motion for Sanctions is **DENIED** as moot.

The Clerk of Court is instructed to close the case. IT IS SO ORDERED.

DATED: March 12, 2026

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

3:24-cv-00087-JAH-BLM

# EXHIBIT A

**Jessica Del Castillo**

---

| | |
|---|---|
| **From:** | Alexander Gamez <Gamez@boucher.la> |
| **Sent:** | Tuesday, March 3, 2026 11:29 AM |
| **To:** | CASDdb_efile Houston; Ray Boucher; Michael Gorelik; Seena  Paul |
| **Cc:** | DKeene@strucklove.com; dstruck@strucklove.com; mahoney@wmalawfirm.com; sknorr@strucklove.com; Jessica Del Castillo; Tricia Yue |
| **Subject:** | RE: Gonzalez v. CoreCivic, Inc. et al., 3:24-cv-00087 - Request for Information |

<mark>**CAUTION - EXTERNAL:**</mark>

Hi Jessica,

Yes, confirmed as to Nos. 1 and 2.

Best,

**Alexander Gamez**

# BOUCHER LLP
**T** 818.340-5400 | **F** 818.340-5401

---

**From:** CASDdb_efile Houston <efile_Houston@casd.uscourts.gov>
**Sent:** Tuesday, March 3, 2026 11:01 AM
**To:** Ray Boucher <ray@boucher.la>; Alexander Gamez <gamez@boucher.la>; Michael Gorelik <gorelik@boucher.la>; Seena Paul <paul@boucher.la>
**Cc:** DKeene@strucklove.com; dstruck@strucklove.com; mahoney@wmalawfirm.com; sknorr@strucklove.com; CASDdb_efile Houston <efile_Houston@casd.uscourts.gov>; Jessica Del Castillo <Jessica_DelCastillo@casd.uscourts.gov>
**Subject:** Gonzalez v. CoreCivic, Inc. et al., 3:24-cv-00087 - Request for Information

Counsellors,

We are reaching out regarding Boucher LLP's prior representation of the Plaintiff in the matter *Gonzalez v. CoreCivic, Inc. et al.*, 3:24-cv-00087.  On May 13, 2025, this Court issued an order granting your motion to withdraw as counsel for Plaintiff.  ECF No. 34 ("Order").  Following the issuance of that Order, can you kindly confirm the following:

1.  Whether you shared a copy of this Court's Order, or the contents thereof, with Plaintiff, either by mail or by other means such as via a phone call or by personally handing a copy to Plaintiff.
2.  Whether your office otherwise notified Plaintiff, either in writing or by other means, of the effective date of your withdrawal as counsel for Plaintiff and of the next steps Plaintiff needs to take to move forward with his case.

The Court appreciates your response to this request via email at your earliest convenience, ideally **no later than Wednesday, March 4, 2026**.

1

Best,
Jessica

 Jessica Del Castillo
Law Clerk to Judge John A. Houston
United States District Court
Southern District of California

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.